WIGGINTON, Judge.
This appeal is now before the court on appellants’ motion to strike the cross-assignment of errors and dismiss the cross-appeal filed herein by appellee City of Pensacola, a municipal corporation. For an understanding of the theory supporting the motion now under consideration, an explanation of the procedural posture of the case is necessary.
Appellants sued appellees city and. hospital in a tort action seeking damages for personal injuries sustained by them. The jury returned a verdict in favor of both appellants against appellee City of Pensacola on which' judgment was entered by the court. Within the time permitted by law appellee City of Pensacola filed its motion for judgment notwithstanding the verdict and for a new trial. The latter motion was urged upon six stated grounds, one of them being that the verdict was so grossly excessive that it was obviously caused by passion or prejudice or other matters outside the record of the cause. The trial judge denied appellee’s motion for judgment notwithstanding the verdict but granted its motion for a new trial on the sole ground quoted above relating to the excessiveness of the verdict. The judgment theretofore entered on the jury’s verdict was specifically vacated and set aside, and a new trial granted as to the issue of damages only.
This appeal is brought by plaintiffs pursuant to the provisions of the applicable statute relating to an appeal from an order granting a new trial.[1]
The sole error urged by appellants for reversal of the order granting a new trial is the ruling of the trial court that the verdict is so grossly excessive as to shock the judicial conscience of the court and to indicate the jury was influenced by considerations outside the record. Appellee has cross-assigned as error the trial court’s denial of its motion for judgment notwithstanding the verdict and denial of its motion for new trial on all issues, including the issue of liability.
*846 The applicable statute of our state requires the trial court to indicate in any order granting a new trial the particular ground or grounds upon which the motion is granted. The statute further provides that upon appeal of such an order, no other grounds than those specified by the trial judge as a basis for granting a new trial shall be considered as arguable upon the appeal.[2]
In the Lockhart case,[3] this Court had occasion to place its interpretation upon the provisions of the statute authorizing an appeal from an order granting a new trial. In considering the point now presented for our decision we held that the grounds urged in support of a motion for new trial which are rejected by the trial court in its order granting a new trial on other grounds cannot be made the subject of cross-assignment of error, since such cross-assignment goes beyond the limitations of the statute authorizing the appeal. Similarly the cross-assignment of errors filed by appellee herein goes beyond the limitations of the statute authorizing this appeal, and therefore is not arguable.
Appellee seeks to support the propriety of its cross-appeal upon the theory that it is taken from a final judgment on the issue of liability which it has a right to have reviewed on this apeal, inviting our attention to the fact that the order granting a new trial is confined to the issue of damages only. Appellee cites to us our decision in Wise v. Jacksonville Gas Corporation[4] as authority for the proposition that under the present posture of this case in the trial court it could have maintained an independent and direct appeal from the judgment of liability rendered by the trial court, even though a new trial has been ordered on the issue of damages.
We apprehend that in relying upon Wise to support its position, appellee has failed to appreciate the distinction between the procedural situation in which the Wise case reposed at the time the appeal was taken therein, and the situation which the case sub judice occupies at the present time.
In Wise a final judgment was entered in favor of plaintiff upon a jury verdict awarding damages for injuries sustained by plaintiff as a result of defendant’s negligence. Following rendition of judgment, the trial court entered an order granting a new trial on the issue of damages only. No order was entered vacating and setting aside the final judgment theretofore rendered in the cause. The plaintiff appealed the order granting the new trial on the issue of damages. The defendant likewise appealed from the final judgment on the issue of liability, seeking review of that phase of the judgment affirming the jury verdict which found defendant guilty of negligence and liable for any damages which plaintiff may have suffered. In disposing of plaintiff’s appeal we reversed the order granting the new trial on the issue of damages. We also considered the independent appeal taken by the gas company from the final judgment which found the gas company guilty of negligence and liable for the damages suffered by plaintiff. We justified our action in that regard by the following holding, to wit:
“Here the lower court entered a final judgment upon the verdict rendered by the jury which found for the plaintiff on both the issues of liability and damages. The order granting the gas corn- *847 pany a new trial on the issue of damages did not in express terms set aside the judgment previously entered. It is implicit, however, that the portion of the judgment awarding damages to the plaintiff must he considered to have been set aside and vacated. There remains, however, the full force and effect of both' the verdict and judgment which found against the gas company on the issue of liability. As to this phase of the case the judgment of the trial court was final, and constituted a sufficient basis for appeal by the gas company following the court’s order denying a new trial on this issue.”
In the case sub judice final judgment was likewise entered in favor of plaintiff and against defendant upon the jury verdict on the issues of both liability and damages. After hearing defendant’s motion for new trial the court in this case entered an order completely vacating and setting aside the final judgment previously rendered, and granting a new trial on the issue of damages only. Unlike the Wise case, we have here a situation in which no final judgment has been rendered by the trial court in this case, although by inference it may be said that the court has ordered that the issue of liability be withdrawn from jury consideration on a retrial of the cause. This order is interlocutory in nature and is not subj ect to review on this appeal.
 It is our present view that when a new trial is granted on less than all issues in the case, the order which either expressly or impliedly withdraws from jury consideration on a retrial of the cause a part of the issues is in the nature of a partial summary judgment. It is established in this state that no appeal may be taken from a partial summary judgment entered in a law action, but review of such order must await the entry of final judgment in the cause.[5] To agree with appellee on the contention urged by it in this case would be to broaden this appeal to include all alleged errors which appellee may claim to have occurred at any and all stages of the case prior to entry of the order granting a new trial. To permit such a situation would pervert the purpose and intent of the statute and impede the prompt disposition of the appeal from the order granting a new trial. Anything to the contrary said or inferred by this Court in the Wise case, supra, is hereby receded from and overruled.
For the reasons and upon the authorities above cited, we hold that appellee’s cross-appeal filed in this cause is improper and not authorized either by statute or by the rules of procedure. The motion to dismiss appellee’s cross-appeal and to strike its cross-assignment of errors is granted.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. “Appeal from order granting a new trial “Upon the entry of an order granting a new trial, the party aggrieved may, without waiting for final judgment, prosecute an appeal to the proper appellate court, which, if the cause bo reversed, may direet that final judgment be entered in the trial court for the party obtaining the verdict, unless motion in arrest of judgment or for judgment non obstante vere-dicto be made and prevail.” F.S. Section 59.04, F.S.A.

.“(4) New trials, review of order granting. — In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal.” F.S. Section 59.07, F.S.A.

. Lockhart v. Friendly Finance Co., (Fla.App.1959) 110 So.2d 478, 481.

. Wise v. Jacksonville Gas Corporation, (Fla.App.1957) 97 So.2d 704.

. Ogden Trucking Company v. Heller Bros. & Co., (Fla.App.1961) 130 So.2d 295.