PER CURIAM.
The plaintiff and the defendant in a pending personal injury action each have taken appeals to this court. In No. 5458 plaintiff' seeks review of an order granting the defendant a new trial on the issue of damages, only. In No. 5478 the defendant seeks review of two final judgments, one entered. February 29, 1964 and the other entered March 3, 1964. We have for consideration the plaintiff’s motion to strike the defendant’s cross assignments of error in No. 5458 on the ground that they raíate to the denial of the defendant’s motions for a directed verdict and judgment notwithstanding the verdict and other adverse rulings, on the issue of liability and are therefore’ matters not reviewable on plaintiff’s appeal. The plaintiff moves to dismiss Appeal No. 5478 on the ground that the purported final judgments were expressly and', impliedly vacated and set aside by the order of the trial court granting the defendant a new trial on the issue of damages or • that the latter order rendered the prior-judgments interlocutory. We grant both motions.
The jury rendered a verdict for the plaintiff which was followed by a minute entry judgment entered on the same day. Subsequently the court entered a separate-final judgment for the plaintiff but thereafter the could entered an order denying ■ the defendant’s motion for judgment notwithstanding the verdict but granting a. new trial limited to damages. This order- *151 -expressly vacates and sets aside the verdict .and the minute entry judgment entered on March 3, 1964, hut does not mention the judgment of February 29, 1964. It expressly allows the verdict to stand insofar as it concerns the defendant’s liability to ■the plaintiff.
The plaintiff’s assignments of error in No. 5458 relate solely to that part of the ■court’s order which granted the defendant .a new trial on the issue of damages. The defendant’s cross assignments in No. 5458 ■and its assignments in No. 5478 are identical. They challenge actions of the trial •court (1) in submitting the cause to the jury on issues of negligence and breaches •of warranty, (2) in failing to grant its motion for directed verdict made after the •close of the evidence and renewed after verdict, (3) in instructing the jury on res ipsa loquitur, breach of warranty and duty to warn, (4) in denying various of its re•quested instructions, and (5) in denying its •motion for new trial for allegedly inflam-matory and improper argument by plaintiff’s counsel.
In No. 5458 the defendant’s cross -■assignments of error will be stricken for the reasons set forth in Leonetti v. Boone, Fla.1954, 74 So.2d 551 and Johnson v. City of Pensacola, Fla.App.1964, 164 So.2d 844. The motion to dismiss the appeal in No. ,5478 will be granted on the authority of Atlantic Coast Line R. Co. v. Boone, Fla. 1956, 85 So.2d 834. 57 A.L.R.2d 1186; Means v. Douglas, Fla.App. 1959, 110 So.2d 88 and Johnson v. City of Pensacola, supra.
We feel there is nothing further that we •need add to a discussion of these problems •other than these brief comments. The fact that in this case there was a minute entry judgment prior to the entry of the court’s separate final judgment and the fact that •the court did not expressly revoke the ■minute entry judgment is nothing more than a distinction without a difference. Whether expressly so stated or not, the or-ador granting a new trial on the issue of • damages only had the effect of making both prior judgments interlocutory orders at law standing only on the question of liability. Such an interlocutory order at law does not relate to a subject that will permit an interlocutory appeal pursuant to Rule 4.2, Florida Appellate Rules, 31 F.S.A. The decision in Johnson v. City of Pensacola, supra, expressly receded from so much of the decision in Wise v. Jacksonville Gas Corp., Fla.App.1957, 97 So.2d 704, as would authorize an appeal from a final judgment which remains only as to liability. The defendant’s claims of hardship which may result from the application of the existing rules would be more properly made on a hearing on a rule change to permit an appellate court to hear all matters on an appeal from an order granting a new trial.
An appropriate order will be entered in each case.
SMITH, C. J., and ALLEN and WHITE, JJ., concur.