ROBERTS, Justice.
By conflict certiorari we here review a decision of the District Court of Appeal, Second District, which affirmed an order of the trial court granting a new trial, and then in its opinion decided that the trial court should have granted a motion for judgment notwithstanding verdict. In its judgment the District Court said:—
“The lower court is, therefore, affirmed; with direction, however, to enter its order sustaining defendant’s motion for directed verdict non obstante veredicto, in lieu of the order entered by the lower court granting motion for new trial.”
Plaintiff-petitioner was an 18-year-old employee deliverman, who was delivering *2 building materials to defendant-respondent, a home construction business. From the opinion of the District Court we glean these facts: “The undisputed evidence shows that the defendant had constructed two model homes along the highway in its subdivision adjacent to each other and operated its business for a time in one of these homes. Thereafter an office building was constructed back of this model home and a circular shell driveway was constructed around such model home to and from the highway and in front of the newly constructed office building. The entire lands in this subdivision were apparently of soft native Florida sand in its natural state. The only entrance to the office building was in the front through a plate glass panel door with a concrete slab in front of the door. Between the concrete slab and the circular shell driveway there was about four or five feet of soft Florida sand level with the slab and the driveway.
“The plaintiff drove his employer’s truck on'the premises and stopped on the circular driveway for the purpose of making delivery of building materials. He had delivered materials to the defendant before, but not since the new office building had been constructed. Plaintiff admitted that he saw the sand and was looking where he was going; that he had lived in Florida about five or six years and knew you could slip in soft sand if you were not careful. He made two or three steps towards the slab from the driveway and his feet sank a short distance in the sand. On making the second or third step, however, but before reaching the concrete slab, his foot sank four or five inches and he fell forward into the glass panel door, breaking it with his arm and suffering serious injury.”
After both sides rested, the respondent moved for a directed verdict, the court reserved its ruling on this motion, and the case was sent to the jury, which returned a verdict for the plaintiff with damages in the sum of $150,000.00. The amount of the verdict was not challenged in the District Court nor here.
The jury was dismissed, but before court recessed respondent renewed its earlier motion for a directed verdict notwithstanding the verdict of the jury, and the court after hearing argument indicated that it would grant the motion, at which time counsel for plaintiff asked for additional time to submit authorities to which the court agreed and the ruling was deferred. Soon thereafter the defendant-respondent filed a new motion styled, “Motion to Set Aside Verdict and to Enter Judgment in Accordance with Defendant’s Motion for Directed Verdict, or in the Alternative Motion for New Trial”. The trial court granted a new trial, reciting, “Under these facts it is the determination of this Court that the verdict is against the manifest weight of the evidence and that the jury must have been influenced by considerations outside the record. It is therefore ORDERED that the motion for new trial be and the same is hereby granted. Cloud v. Fallis, Fla., 110 So.2d 669.”
Apparently since the trial judge elected to rule on the “Alternative Motion for New Trial”, no order was made on the motion for judgment notwithstanding the verdict.
Thereafter plaintiff-petitioner took an appeal to the District Court, resulting in a decision affirming the order granting a new trial but “with direction, however, to enter its order sustaining defendant’s motion for directed verdict non obstante vere-dicto, in lieu of the order entered by the lower court granting motion for new trial.”
Certiorari was sought in this court on the basis of conflict with Johnson v. City of Pensacola, 164 So.2d 844 (District Court of Appeal, First District). See also for conflict Braddock v. Seaboard Air Line Railroad Company, 80 So.2d 662 (Supreme Court). The decision in the Johnson case was anchored to Florida Statute § 59.07(4), F.S.A. which provides:—
“New Trials, Review of Order Granting. — In every case in which the trial *3 court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal.”
Furthermore, we have examined the briefs filed in the District Court and find that the question of defendant’s motion for a judgment notwithstanding the verdict was neither presented nor briefed in that court. Significantly, Florida Appellate Rule 3.7 (i), 32 F.S.A. provides:—
“Points not argued are Abandoned. Such assignments of error as are not argued in the briefs will be deemed abandoned and may not be argued orally. However, the Court, in the interest of justice, may notice jurisdictional or fundamental error apparent in the record-on-appeal, whether or not it has been argued in the briefs or made the subject of an assignment of error, or of an objection or exception in the court below.”
Therefore, under the force of Florida Statute § 59.07(4), F.S.A. the decision of this court, in Braddock v. Seaboard Air Line Railroad Company, supra, and Johnson v. City of Pensacola, supra, it was error for the District Court to ex mero motu direct and rule on the undisposed of motion for judgment notwithstanding verdict.
The trial court acted within the orbit of its discretion in granting a new trial under the authority of Cloud v. Fallis, Fla., 110 So.2d 669, and no abuse of discretion has been shown.
Accordingly, that part of the judgment of the District Court of Appeal which reads, “with direction, however, to enter its order sustaining defendant’s motion for directed verdict non obstante veredicto, in lieu of the order entered by the lower court granting motion for new trial” is expunged, and the portion of the District Court judgment which affirms the decision of the trial court in granting the motion for new trial is approved. The unauthorized language just above mentioned having been expunged and the decision of the lower court granting a motion for new trial having been approved, the writ of certio-rari heretofore issued is now discharged.
It is so ordered.
CALDWELL, C. J., THOMAS, DREW and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.
THORNAL, J., dissents with Opinion.