PER CURIAM.
The appellant was the defendant in the trial court. This appeal is from a final judgment for the appellee which was entered upon a jury verdict. The action was upon an allegation of breach of warranty as to fitness of a .22 calibre rifle. The proof was that the rifle fired with the safety on some five months after purchase and that appellee was injured.
All of appellant’s arguments are based upon a contention that the trial judge should have directed a verdict for the appellant. Our review of the record convinces us that the evidence was sufficient to take the case to the jury. See Seabrook v. Taylor, Fla.App.1967, 199 So.2d 315. The argument that the jury was permitted to pile an inference upon an inference is not applicable because there was direct testimony as to the existence of the defect. In addition, presuming the testimony of appellant’s expert witnesses was to the effect that the accident could not have happened in the way it was described, this testimony would not preclude the jury from finding as it did. See Millar v. Tropical Gables Corp., Fla.App.1958, 99 So.2d 589; Remington Arms Company, Inc. v. Wilkins, 387 F.2d 48 (5th Cir. 1967). Without deciding whether contributory negligence is a defense to a breach of warranty action, we find that the appellee was not shown to be guilty of contributory negligence so that recovery was barred as a matter of law. See, e. g., Saunders v. Kaplan, Fla. App.1958, 101 So.2d 181.
Affirmed.