283 So.2d 379 (1973)
Sherman Gary OSTEEN, Appellant,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Appellee.
No. T-361.
District Court of Appeal of Florida, First District.
October 4, 1973.
Lawrence V. Hastings of Hastings, Elias, Goldman & Baumberger, and Robert Orseck of Podhurst, Orseck & Parks, Miami, for Appellant.
Philip Webb of Webb, Swain & Watson, Jacksonville, for Appellee.
WIGGINTON, Judge.
This case is before the court on appellant's motion to strike the cross-assignments of error filed herein by appellee. The facts pertinent to our decision are not in dispute.
Appellant sued appellee in an action at law for damages. A verdict was rendered in favor of appellant but was vacated and set aside by the court pursuant to appellee's post-trial motion for a new trial. By this appeal appellant seeks review of the order granting appellee a new trial. Appellee has filed cross-assignments of error seeking to raise for this court's consideration *380 certain interlocutory rulings and orders by the trial court alleged to have been erroneously made. Appellant has filed his motion to strike the cross-assignments of error filed by appellee on the ground that they are improper and impermissible as a matter of law.
This interlocutory appeal is brought by appellant pursuant to the authority of F.S. Section 59.04, F.S.A., which permits an appeal by the party aggrieved of an order granting a new trial without waiting for final judgment to be rendered in the trial court for the party obtaining the verdict.[1]
As a corollary to the foregoing statute, the legislature adopted F.S. Section 59.07, F.S.A., which provided that on an appeal from an order granting a new trial no grounds other than those specified by the trial court as the basis for the order should be considered as arguable upon the appeal.[2]
The two above-cited statutes have been uniformly interpreted by the appellate courts of this state to mean that an appellee in such appeal is not permitted to file cross-assignments of error raising issues of law other than the ones assigned by the trial court as grounds for granting the new trial.[3]
The authority granted by the foregoing statutes to seek review by interlocutory appeal of an order granting a motion for new trial is an exception to the general rule adopted by the Supreme Court pursuant to constitutional authority which permits but narrowly defines those orders or judgments of which interlocutory review may be sought.[4] The rule permitting appeal of interlocutory orders entered in law actions is confined to orders relating to venue or jurisdiction over the person, to partial summary judgments on the issue of liability only, and for certain orders or judgments rendered after final judgment. Since the statutes permitting interlocutory appeals from orders granting a new trial are an exception to the general rule relating to interlocutory appeals, they must be strictly construed and held within the permissible limits specified in the statutes.
There are several important reasons for limiting interlocutory review of orders granting a new trial only to the grounds which form the basis for the orders. To permit an appellee to cross-assign as error interlocutory orders or rulings other than those assigned as grounds for the order would violate the limitations and proscriptions of the interlocutory appeal rule, Rule 4.2, F.A.R. 32 F.S.A. All such interlocutory rulings must await rendition of final judgment before they may be properly reviewed at the behest of the party aggrieved. Furthermore, review by interlocutory appeal is an accelerated procedure intended to speed up the appellate review so that the issue in question may be promptly resolved and the case returned to *381 the trial court for further proceedings without unnecessary delay. This would not be possible if an appellee were permitted to cross-assign alleged errors arising from interlocutory rulings and orders of the court made during the progress of the cause as is the case when full appellate review is sought of a final judgment under Rule 3, F.A.R. We therefore conclude that the reasons for precluding an appellee from cross-assigning errors in an interlocutory appeal from an order granting a new trial are sound and promote a better administration of justice in the appellate review of trial court orders and, therefore, should be preserved.
In support of its position, appellee relies on the repeal by the legislature during its 1971 session of F.S. Section 59.07, F.S.A., which is the statutory provision prohibiting the filing of cross-assignments of error by appellees in interlocutory appeals from orders granting a new trial.[5] Appellee therefore confidently asserts that since that provision of the statute which prohibited the filing of cross-assignments of error by an appellee in an appeal of this nature has now been repealed and is no longer the law, there is nothing to prevent it from cross-assigning errors in accordance with the provisions of Rule 3.5 subd. b, F.A.R.[6]
For the reason hereafter stated, appellee's position must be rejected.
It is our view, and we so hold, that even though the statutory prohibition against filing cross-assignments of error by an appellee in an appeal from an order granting a new trial has been repealed, nevertheless the underlying reasons for the prohibition continue to exist. The requirement that appellate review of this type of interlocutory order be confined only to the ground on which the order is based has become so well established in our jurisprudence that it should not be receded from in the absence of affirmative action by the Supreme Court in the exercise of its rule-making authority.
For the reasons and upon the authorities above set forth, it is our conclusion and we so hold that appellant's motion to strike the cross-assignments of error filed herein by appellee is well taken and is hereby granted. Such cross-assignments of error are hereby stricken and held for naught.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] § 59.04, F.S.

"Upon the entry of an order granting a new trial, the party aggrieved may prosecute an appeal to the proper appellate court without waiting for final judgment [to] be entered in the trial court for the party obtaining the verdict unless a motion in arrest of judgment or for a judgment notwithstanding the judgment. If the judgment is reversed, the appellate court may direct that verdict be made and prevail. Amended by Laws 1971, c. 71-316, § 1, eff. Sept. 1, 1971."
[2] § 59.07(4), F.S.

"New trials, review of order granting.  In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal."
[3] Zabawczuk v. Olin Mathieson Chemical Corp., (Fla.App. 1964) 168 So.2d 150;

Johnson v. City of Pensacola, (Fla.App. 1964) 164 So.2d 844;
Leonetti v. Boone, (Fla. 1954) 74 So.2d 551.
[4] Rule 4.2, F.A.R.
[5] Ch. 71-316, § 5, Laws of 1971, Acts of 1971, eff. Sept. 1, 1971.
[6] Rule 3.5, subd. b., F.A.R.

"Cross Assignments of Error by Appellee. Within 10 days after the appellant has filed his assignments of error, the appellee if he desires review on any adverse ruling must file his cross assignments of error with the said clerk."