GRIMES, Judge.
The appellee obtained a judgment upon a jury verdict against appellant for $2,500 compensatory damages and $5,000 in punitive damages. The court denied appellant’s motion for judgment in accordance with motion for directed verdict but granted its motion for new trial on the issue of compensatory damages only, unless appellee filed a remittitur in the sum of $1,750. Appellee refused to file a remittitur, whereupon a date for the .new trial on compensatory damages has been set. In the meantime, appellant has appealed from the judgment.
Appellee now moves to quash the appeal for lack of jurisdiction. In Zabawczuk v. Olin Mathieson Chemical Corp., Fla.App. 2nd, 1964, 168 So.2d 150, this court held that where a new trial was ordered on the issue of damages only, this has the effect of making the prior judgment an interlocutory order. Since such an interlocutory order at law was not one from which an interlocutory appeal could be taken under FAR 4.2, 32 F.S.A., the appeal was dismissed.
The fact that the order granting a new trial in the instant case relates only to a portion of the damages represents a distinction without a difference. It is evident that matters remain open for determination in the lower court. Since the “final judgment” has become an interlocutory order *136 by reason of the order granting a new trial on the issue of compensatory damages, this appeal must be dismissed. The appellant will have an opportunity to raise the points of which it complains in an appeal from a final judgment ultimately entered which is, in fact, final.
MANN, C. J., and BOARDMAN, J., concur.