295 So.2d 707 (1974)
William John McCARTHY, Appellant,
v.
FLORIDA LADDER COMPANY, a Florida Corporation, Appellee.
No. 72-987.
District Court of Appeal of Florida, Second District.
June 14, 1974.
*708 Law Offices of Robert H. Schultz, Bradenton, for appellant.
W. Robert Mann, of Mann, Fay & Price, Bradenton, for appellee.
McNULTY, Judge.
Appellant sues the manufacturer in implied warranty on account of injuries sustained in a fall from a step ladder occurring while in the course of his employment by an air-conditioning contractor. He has suffered a summary judgment from which he brings this appeal.
Appellant, the sole witness to the accident, testified in deposition that from experience, although he could not read, he recognized the ladder furnished by his employer to be a Florida Ladder Company ladder. He picked up the ladder from the employer's warehouse, he says, approximately three days before the accident and left it each day at the site of the house on which he was working. At the time he picked up the ladder it appeared to be new and he thought it was, since his employer had only been in business for a few months in that locale and had purchased several new ladders a few days before starting. He stated that when the accident occurred there was no visible defect in the ladder, it was firmly planted on the concrete floor, he was on a middle step, and he did not fall on the ladder. After the fall he noticed that one rear upright had broken completely off the ladder. Admittedly, "at this point in time" the ladder has now completely disappeared without explanation.
Alluding to the fact that the foregoing is the sole evidence available to the plaintiff, the summary judgment appealed from provides in relevant part:
"... counsel for each party agreed, that the step ladder in question which allegedly broke had never been seen or found following the casualty involved by anyone (to the parties' knowledge and information) up to the present time, and that such would likely remain to be the situation at the time of the trial scheduled for Monday, November 27, 1972; thereupon, inquiry was made by the Court of counsel for the Plaintiff as to whether or not he had any reasonable expectation that Plaintiff would have any further evidence or matters on the issue of the necessity for the proof of a defect in the ladder in question at the time it left the hands of the Defendant-Manufacturer, to which inquiry counsel for the Plaintiff stated to the Court, in substance, that he had no present reason to believe that the Plaintiff would have any further or additional evidence and/or information at the time of trial, than existed and was argued on the Motion for Summary Judgment, with respect to the subject matter about which the Court inquired; and,
"It therefore appearing to the satisfaction of the Court that the basic posture *709 of the case, particularly with respect to: (1) the nonexistence of the ladder in question and (2) proof of a defect, is substantially the same ... as it will be at the time of trial ...
"It does appear to the Court that there exists no genuine issue of a material fact... ."
We reverse.
As noted, appellant's theory of recovery is based on an implied warranty of merchantability that the ladder would be fit for ordinary purposes. At the outset, it should be noted that the doctrine of privity no longer obtains in Florida in an implied warranty suit by a consumer against a manufacturer.[1]
In order to recover under such a theory of implied warranty, appellant must prove that (1) he was a foreseeable user of the product; (2) the product was being used in the intended manner at the time of the injury; (3) the product was defective when transferred from the warrantor; and (4) the defect caused his injury.[2]
In Barfield v. Atlantic Coast Line Railroad Company et al.,[3] we held that employees of Gulf Oil Company were entitled to bring suit in implied warranty against the manufacturer of an allegedly defective hose. More recently, the Uniform Commercial Code, Section 672.318, Fla. Stat., F.S.A., specifies that an employee of a buyer shall be considered a third party beneficiary of a seller's implied warranty.
Clearly, here, appellant was a foreseeable user of the ladder. Moreover, considering appellant's testimony at face value, the ladder was being properly used at the time he suffered his injury.
The critical question remaining, then, is whether there were triable issues concerning the existence of a defect in the ladder when transferred from the warrantor and whether appellant's injury was caused by such defect. The trial court's ultimate conclusion that there were not was apparently based upon the fact that the ladder's disappearance substantially limited the direct evidence available to either party. From this he determined that no genuine issue of material fact existed. We disagree.
To begin with, the absence of the ladder itself is not fatal to appellant's contention that it existed.[4] In C.R. Bard, Inc. v. Mason,[5] we upheld a recovery for injury caused by a defective intravenous catheter even though it had been routinely discarded following its use. There is no rule of law which holds that proof of a defective product cannot be established by parol testimony.
As for the requirement of showing a defect at the time of the sale, the prima facie testimony was to the effect that the ladder was new, it was not being used except in a usual and reasonable manner and there were circumstances as to its collapse which tend to exclude all reasonable inferences except defectiveness.
In Ford Motor Company v. Cochran,[6] we held that it was not necessary for the plaintiff to prove a specific defect in the product which injured him. In the proper case, a defect can be inferred from the fact that a new product performs in such a manner as to preclude any other reasonable inference which would suggest that the product was not defective.[7] *710 As stated in 2 Harper and James, The Law of Torts, § 28.12,
"For example, if injury can be traced to a break or collapse of a structure or a machine and the evidence also shows that the article was being put to its ordinary use in the ordinary way when it failed, it is reasonable to attribute its failure to some flaw or defect."
We think that the record reflects at least a possibility for appellant to prove that the ladder was defective at the time it was sold and that he was injured because of this defect. Accordingly, the summary judgment must be reversed for further proceedings not inconsistent herewith.
MANN, C.J., and GRIMES, J., concur.
NOTES
[1] Bernstein v. Lily-Tulip Cup Corp., Fla.App. 3d, 1965, 177 So.2d 362, aff'd Fla., 181 So.2d 641.
[2] Vandercook and Son, Inc. v. Thorpe, CA 5, 1968, 395 F.2d 104.
[3] Fla.App.2d, 1967, 197 So.2d 545.
[4] E.g. Heise v. J.R. Clark Company, 1955, 245 Minn. 179, 71 N.W.2d 818.
[5] Fla.App.2d, 1971, 247 So.2d 471, cert. den. Fla., 251 So.2d 878.
[6] Fla.App.2d, 1967, 205 So.2d 551.
[7] See Henningsen v. Bloomfield Motors, Inc., 1960, 32 N.J. 358, 161 A.2d 69, 98; Williams v. Ford Motor Company, Mo. App., 1967, 411 S.W.2d 443; cf. Sears, Roebuck and Co., Inc. v. Davis, Fla.App.3d, 1970, 234 So.2d 695.