312 So.2d 514 (1975)
ARMOR ELEVATOR COMPANY, a Delaware Corporation, and Insurance Company of North America, a Foreign Corporation, Appellants,
v.
Juanita R. WOOD, As Surviving Spouse of Henry Wood, Deceased, Appellee.
No. 74-867.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Rehearing Denied June 2, 1975.
*515 Papy, Levy, Carruthers & Poole, Coral Gables, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
The defendants Armor Elevator Company and its liability insurer appeal from an adverse judgment in a wrongful death action. Recovery was predicated on breach of implied warranty of fitness of a locking device provided by the elevator company, which failed when put into use.
On a construction project, in the course of the installation of an elevator, in which the plaintiff's decedent and others were engaged, after the elevator had been hoisted part way up in its well, it became necessary to lock it into position for the purpose of affixing another cable with which to continue the lifting thereof. The locking device supplied for such purpose of holding the elevator in place was set. It failed. The elevator fell. The decedent, standing upon the same, was killed. A jury verdict was rendered in favor of the plaintiff. Judgment was entered thereon, and this appeal ensued.
We hold no reversible error has been shown. The court correctly denied defendants' motions for directed verdict. There was competent substantial evidence upon which the jury could, and no doubt did find the warranty was breached where the locking device or machinery failed when called upon to perform its purpose or function, and thereby was defective in design, construction or other inherent capacity. The plaintiff was not under a duty to pin point any exact mechanical deficiency for or by reason of which the device proved defective and failed, and a jury charge to the contrary requested by the defendants was properly refused. Ford Motor Company v. Cochran, Fla.App. 1968, 205 So.2d 551; Ford Motor Company v. Pittman, Fla.App. 1969, 227 So.2d 246; McCarthy v. Florida Ladder Company, Fla. App. 1974, 295 So.2d 707; Vandercook & Son, Inc. v. Thorpe, 5 Cir.1968, 395 F.2d 104. The court correctly recognized that Florida Department regulation 8A-S-12.19, relating to "Temporary use of Elevators", was applicable to temporary use of elevators which had been installed and placed in temporary use as such, and was not applicable to the process of the installation of elevators. The jury charges were properly tailored to issues presented.
The judgment is affirmed.