321 So.2d 104 (1975)
Hyman R. LASH, Appellant,
v.
Dale NOLAND, Doing Business As Noland Golf Cart Service, et al., Appellees.
No. 74-714.
District Court of Appeal of Florida, Fourth District.
October 24, 1975.
Rehearing Denied November 18, 1975.
*105 Cecil C. Martin and Nolan Carter, Carter, Anstine, Martin & Barnett, Orlando, for appellant.
John W. Bussey, III, and Richard E. Trapp, Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Orlando, for appellees-James A. Noland and Noland Golf Cart Service.
Ronnie H. Walker, Howell, Kirby, Montgomery, D'Aiuto & Dean, Orlando, for appellee-Club Car, Inc.
WALDEN, Chief Judge.
This is an appeal from a directed verdict in favor of defendants in a personal injury action. We affirm.
Plaintiff went to play golf at a country club in New Smyrna Beach. He drove to the first tee in a golf cart obtained from the club, and parked the cart on an incline. He set the brake and exited the cart to speak to friends. Thereafter, the cart rolled backward, pinning plaintiff against an automobile parked nearby, causing him injury. Plaintiff sued the manufacturer, Club Car, Inc., Noland Golf Cart Service, and Dale Noland, individually, for negligence.
The only testimony presented by plaintiff was that of the club golf professional who testified that he checked the cart after the accident:
"I found the brakes on that particular cart, only one time in several tests, released itself, being depressed only a third of the way."
and
"When the brake was in the fully depressed position, then it would hold adequately."
Plaintiff in his appeal relies heavily upon the golf professional's testimony that he had had complaints about the brakes before. Plaintiff presented no expert testimony, and defendant's expert testified that the braking system design was far superior to that used in other golf carts.
In essence, there was no allegation, nor any proof, of negligence, see City Cab v. Green, 308 So.2d 540 (4th DCA Fla. 1975), sufficient to entitle a plaintiff to have the case submitted to a jury. That the accident happened is not sufficient, Stolmaker v. Bowerman, 100 So.2d 659 (3d DCA Fla. 1958):
"It is well settled that the mere occurrence of an accident is not enough to establish the negligence of anyone... . A careful reading of the record in this case reveals that there was an accident and that someone may have been negligent... . When negligence is not established it is the duty of the trial court to direct a verdict against the party having the burden of such proof." Id. at 660.
Conroy v. Briley, 191 So.2d 601 (1st DCA Fla. 1966). There was no evidence presented to even support an inference that the brake portion of the cart was faulty, and it has been held that a defect must be proven to hold a manufacturer liable in negligence or warranty, Cromaty v. Ford Motor Co., 308 So.2d 159 (1st DCA Fla. 1975); Mattes v. Coca Cola Bottling Co. of Miami, 311 So.2d 417 (4th DCA Fla. 1974); Royal v. Black & Decker Mfg. Co., 205 So.2d 307 *106 (3d DCA Fla. 1967). But see, McCarthy v. Fla. Ladder Co., 295 So.2d 707 (2d DCA Fla. 1974),[1] and Armor Elevator Co. v. Wood, 312 So.2d 514 (3d DCA Fla. 1975).[2]
Affirmed.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] "In Ford Motor Company v. Cochran [Fla. App. 1967, 205 So.2d 551], we held that it was not necessary for the plaintiff to prove a specific defect in the product which injured him. In the proper case a defect can be inferred from the fact that a new product performs in such a manner as to preclude any other reasonable inference which would suggest that the product was not defective." 295 So.2d at 709-710.
[2] "We hold no reversible error has been shown. The court correctly denied defendants' motions for directed verdict. There was competent substantial evidence upon which the jury could, and no doubt did find the warranty was breached where the [elevator] locking device or machinery failed when called upon to perform its purpose or function, and thereby was defective in design, construction or other inherent capacity. The plaintiff was not under a duty to pinpoint any exact mechanical deficiency for or by reason of which the device proved defective and failed, and a jury charge to the contrary requested by the defendants was properly refused." 312 So.2d at 515.

We note these cases depart from the point of law as stated in this opinion. It is of use then to mention that in this case there was no evidence presented "to preclude any other reasonable inference which would suggest the product was not defective." Mr. Lash may simply have neglected to properly depress the brake, a balancing factor not present in the ladder or elevator cases. We, therefore, do not discuss the issue of the apparent conflict in Florida case law as to the necessity of proving defects in products liability suits.