429 So.2d 1348 (1983)
John F. BRADY, Appellant,
v.
STEYR-DAIMLER-PUCH A.G. WERKE GRAZ AUSTRIA and Steyr-Daimler-Puch of America Corporation, Appellees.
No. 82-1646.
District Court of Appeal of Florida, Second District.
April 20, 1983.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., and Beckham & McAliley, P.A., Miami, for appellant.
Mark E. Hungate and Charles Hall of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellees.
LEHAN, Judge.
This is a personal injury products liability suit against a distributor and a manufacturer of a moped based upon implied warranty breach, negligence and strict liability. The trial court granted summary judgment for *1349 defendants. We affirm the summary judgment regarding the negligence count against the distributor. We reverse in all other respects.
Plaintiff purchased a new moped from a retail dealer, drove it for approximately 10 miles and ran it into a utility pole, resulting in injury to plaintiff. On deposition plaintiff testified that the moped's throttle had stuck, thus preventing plaintiff from stopping the vehicle and leading to the collision with the pole.
The deposition testimony of plaintiff's expert showed a defect in the moped's throttle assembly involving the throttle cable having been misrouted in such a fashion as to be pinched between two parts of the vehicle. The expert was unable to attribute the sticking of the throttle to the misassembly, but testified that he could find no other reason to explain the stuck throttle.
The final assembling of the moped had been done by the retail dealer who is not a party to this appeal. However, the dealer's employee who did the final assembling testified at deposition that the assembly of the throttle mechanism, including the routing of the throttle cable, had been accomplished prior to receipt of the moped by the dealer. The moped had been shipped in a sealed container from defendant manufacturer to defendant distributor and was then shipped by the distributor to the dealer in the same sealed container.
As to our affirmance of the summary judgment on the negligence count against the distributor, there is no genuine issue as to any material fact, and defendant distributor is entitled to a judgment as a matter of law. The evidence established that the distributor had nothing to do with any assembling or manufacture of the vehicle.
As to all other counts, summary judgment was incorrect. See Ford Motor Co. v. Cochran, 205 So.2d 551, 553 (Fla. 2d DCA 1968); McCarthy v. Florida Ladder Co., 295 So.2d 707, 709 (Fla. 2d DCA 1974). See also Cassisi v. Maytag Co., 396 So.2d 1140, 1143 (Fla. 1st DCA 1981) (quoting section 402A of the Restatement of Torts (Second)). On summary judgment the movant must show conclusively and unequivocally that genuine issues of material fact do not exist; of course, the burden on a party moving for summary judgment is greater than the burden which plaintiff must carry at trial. See Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). In this case, defendants failed to show conclusively that no defect in the moped could be proven at trial to have caused the accident and resulting injuries.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
HOBSON, A.C.J., and DANAHY, J., concur.