452 So.2d 672 (1984)
Mark MEYER, a Minor, BY AND THROUGH His Natural Mother, Inez Meyer, and Inez Meyer, Individually, Appellants,
v.
John C. TORREY, Susan L. Torrey, Fidelity Southern Insurance Co., and Be-Mac's Services, Florida Farm Bureau Casualty Insurance Co., Appellees. and
John C. TORREY, Susan L. Torrey, Fidelity Southern Insurance Co., Cross-Appellants,
v.
BE-MAC'S SERVICES, Florida Farm Bureau Casualty Insurance Co., Cross-Appellees.
No. 83-1816.
District Court of Appeal of Florida, Second District.
July 18, 1984.
Gerald R. Herms and Robert R. Carbonell, Tampa, for appellants.
Gary W. Nicholson of Carson & Guemmer, Tampa, for appellees/cross-appellants, John C. Torrey, Susan L. Torrey and Fidelity Southern Ins. Co.
Thomas P. Scarritt, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees/cross-appellees, Be-Mac's Services and Fla. Farm Bureau Cas. Ins. Co.
*673 CAMPBELL, Judge.
Appellants appeal final summary judgments entered against them on their complaint against appellees. Appellees, John C. Torrey and Susan L. Torrey, cross-appeal from the summary judgment entered against them on their cross-claim against cross-appellee, Be-Mac's Services. We affirm the trial court in all respects.
On the afternoon of October 20, 1981, then eight-year-old Mark Meyer was the social guest of the sons of the appellees Torrey. The Torrey boys were aged seven and eleven. The Torreys and the Meyers were neighbors. While the three boys were playing football in the Torrey's back yard, Mark Meyer was attempting to catch a pass thrown by the older Torrey son. In his attempt to catch the pass, he dove for the ball in a manner described by him as "like when you're in a swimming pool, you just dive, like that, straight out." As a result of his dive for the ball, he landed in a pygmy date palm planted in a landscaped area between the edge of the grass yard and the Torrey's house. In doing so, his left eye was pierced by thorns growing on the stem of the palm fronds between the trunk of the palm and the beginning of the fronds. The palm tree, approximately three feet tall, had been planted in the landscaped area by the appellee Be-Mac's Services, as a result of a contract to landscape the Torrey's back yard. The essence of the appellants' complaint was that the Torrey's were negligent in having the pygmy date palm planted next to their house when they knew children would be playing in the yard, and were also negligent in maintaining the palm. The complaint also alleged negligence on the part of Be-Mac's Services in recommending and planting such a palm in the Torrey's yard.
Young Mark Meyer testified by deposition that he was aware of the palm in the yard, although when he dove for the pass, he was not conscious of its proximity. He also testified that he knew it had thorns, as he had been stuck by thorns in a palm he believed to be just like it in his own yard. Although there is some variation in the testimony as to the exact location of the palm in the Torrey's yard, there is no question that it was planted between the grass area of the yard and relatively close to a porch area of the Torrey home. It was not planted in an area where children were intended to play. An injury could occur from the thorns only by reaching into the tree or by falling or running into it as young Mark Meyer did.
We conclude that the court below was correct in its summary judgments for the appellees. The standard for the determination of negligent conduct in a case such as this is the exercise of reasonable care under the circumstances. Wood v. Camp, 284 So.2d 691 (Fla. 1973). Most shrubbery found in Florida homeowners' yards will likely cause some type of physical harm when dived into, whether the shrubbery be a pygmy date palm or otherwise. We are of the opinion that Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981) is closely on point and thereby persuasive.
We find some of Judge Larry Smith's statements in Cassel v. Price of sufficient import to our decision to warrant repeating and quoting here:
The two basic duties owed by a landowner to invitees have been recently reiterated in Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), quoting from Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967, 970 (Fla. 1977), as follows:
In Florida, a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.
It is still fundamental, of course, that the mere occurrence of an accident does not give rise to an inference of negligence, and is not sufficient for a finding of negligence on the part of anyone. Robinson v. Allstate Insurance Company, *674 367 So.2d 708 (Fla. 3rd DCA 1979); Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA 1978); Lash v. Nolan, 321 So.2d 104 (Fla. 4th DCA 1975); and City Cab of Orlando Inc. v. Green, 308 So.2d 540 (Fla. 4th DCA 1975).
Liability is imposed upon the landowner only if natural or artificial conditions involve an "unreasonable risk." Gifford v. Galaxie of Homes of Tampa, Inc., 194 So.2d 25 (Fla. 2nd DCA 1967), cert. dis. 204 So.2d 1 (Fla. 1967); Grall v. Risden, 167 So.2d 610 (Fla. 2nd DCA 1964); Crutchfield v. Adams [152 So.2d 808 (Fla. 1st DCA 1963)], supra.
396 So.2d at 264.
Before a jury would be permitted to find that defendant's conduct contributed to the child's death there would have to be facts which would afford a reasonable basis for a conclusion that it is "more likely than not" that the conduct of defendant was "a substantial factor in bringing about that result." See Greene v. Flewelling, 366 So.2d 777 (Fla. 2nd DCA 1978), quoting from Prosser, The Law of Torts, 241 (4th Ed. 1971). The quotation continues (opinion page 781):
A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.
See also Greenhouse Inc. v. Thiermann, 288 So.2d 566 (Fla. 2nd DCA 1974).
396 So.2d at 266.
Affirmed.
BOARDMAN, A.C.J., and OTT, J., concur.