514 So.2d 1161 (1987)
DIVERSIFIED PRODUCTS CORPORATION, Appellant,
v.
Robert L. FAXON, Appellee.
No. 87-697.
District Court of Appeal of Florida, First District.
November 6, 1987.
*1162 Edward P. Nickinson, III, and Linda L. Nobles, of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Pensacola, for appellant.
Robert J. Mayes and Charles J. Kahn, Jr., of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellee.
SHIVERS, Judge.
Defendant/appellant, Diversified Products Corporation, appeals the entry of a partial summary judgment in favor of plaintiff/appellee, Robert L. Faxon. We reverse and remand for further proceedings.
The record indicates that plaintiff Faxon filed a three-count complaint against Diversified Products, the manufacturer of an exercise machine owned by Faxon, alleging negligence, breach of implied warranty of merchantability, and strict liability. Faxon then filed a motion for summary judgment on the issue of strict liability only, to which he attached his own affidavit as well as his request for admissions propounded to Diversified Products. The affidavit and admissions established the following undisputed facts: Faxon purchased the machine from a Pensacola Sears store on February 10, 1983 and assembled it the following day, according to the instructions provided by the manufacturer. An eyebolt was already attached to the curl bar portion of the machine. On April 17, 1984, while performing a standing curl according to the manufacturer's instruction manual, the eyebolt on the curl bar broke, causing Faxon to fall backward and injure his spine. Faxon did not misuse the product at any time or make any alterations in design or parts. Appellant admitted that it manufactured and sold the product, that it installed the eyebolt, that standing curls were an intended use of the machine, and that the eyebolt attached to the curl bar was not intended to break. We reverse the trial court's entry of partial summary judgment in favor of the plaintiff, on the basis that the undisputed facts failed to establish all of the elements of strict liability.
A plaintiff seeking to hold a defendant strictly liable in a products liability case must establish: (1) defendant's relationship to the product in question; (2) the defective and unreasonably dangerous condition of the product; and (3) the existence of a causal connection between the product's condition and the user's injuries. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976). Appellant admits, and we agree, that the undisputed facts produced by the plaintiff establish these elements of strict liability. In addition to these, however, the plaintiff must also establish, whether the case is founded in strict liability, negligence, or breach of an implied warranty, that the defect in the product existed both at the time of the accident and at the time the product was within the possession of the manufacturer or retailer. Cassisi v. Maytag Company, 396 So.2d 1140 (Fla. 1st DCA 1981).
The method of establishing this fourth element was described by this court in Cassisi. In that case, the plaintiff sued defendant/Maytag Company for damages caused when an allegedly defective clothes dryer caught fire. Summary judgment was entered in favor of the defendant, on the ground that the plaintiff failed to establish that the damages were caused by a product which was defective at both the time of the accident and the time of leaving the manufacturer. This court reversed, and held that when a product malfunctions during normal operation, a legal inference arises that the product was defective at the time it was within the control of the manufacturer or retailer, and the plaintiff establishes *1163 a prima facie case for jury consideration. In establishing the inference, the court adopted the holding in Greco v. Bucciconi Engineering Company, 283 F. Supp. 978 (W.D.Pa. 1967), aff'd., 407 F.2d 87 (3rd Cir.1969). Cassisi, however, held only that the inference acts as an aid to the plaintiff in establishing a prima facie case for jury consideration, and precluded entry of summary judgment in the defendant's favor. Cassisi specifically held that the inference cast neither the burden of proof nor the burden of producing evidence upon the defendant, except in the very limited sense that if the defendant failed to produce any evidence, it would run the risk of having the jury find against it.
Although the undisputed facts presented by the plaintiff do indicate that the product malfunctioned during normal operation and, therefore, support an inference of the presence of a defect in the machine at the time it was in the possession of the manufacturer, we agree with appellant that the inference was insufficient to support a summary judgment in the plaintiff's favor. See Marcus v. Anderson/Gore Homes, Inc., 498 So.2d 1051 (Fla. 4th DCA 1986), reversing a partial summary judgment in favor of the plaintiff even though the plaintiff had established the Cassisi inference.
Accordingly, we reverse the entry of partial summary judgment in the plaintiff's favor, and remand for further proceedings.
SMITH, C.J., and MILLS, J., concur.