584 So.2d 621 (1991)
John F. PARKE and Julia Parke, His Wife, Appellants,
v.
SCOTTY'S, INC., Appellee.
No. 90-1090.
District Court of Appeal of Florida, First District.
August 8, 1991.
Rehearing Denied September 4, 1991.
*622 William C. Owen of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee, for appellants.
Dominic M. Caparello and Lauchlin T. Waldoch of Messer, Vickers, Caparello, French, Madsen & Lewis, Tallahassee, for appellee.
PER CURIAM.
We reverse the summary judgment entered below in which the court found no liability as a matter of law in this products liability case.
Appellant John F. Parke purchased a wooden stepladder from Scotty's. He alleged in his complaint that the ladder was defective in that while he was using it for its ordinary purpose the right side rail suddenly snapped, causing him to fall and sustain injuries. He filed suit, claiming breach of implied warranty as to fitness and merchantability, and he was later allowed to amend his complaint by adding a count for recovery based on strict liability.
In opposition to Scotty's motion for summary judgment, Parke filed an affidavit in which he stated that while using the ladder to paint a shed in his backyard he heard a "pop," fell from the ladder, and was seriously injured. He denied losing his balance, and stated that the fall resulted from failure of the right front rail at the juncture of the bottom step.
Appellee filed affidavits of two experts who opined that the ladder was in no way defective, and that the mechanics of the break in the ladder rail, and the nature of Parke's fall, conclusively demonstrate that Parke lost his balance, fell, and that his body hit the overturned ladder on the way down, causing the rail to break.
Appellant's expert witness testified in his deposition that based upon his examination of the ladder, the place where the fall occurred, the explanation and demonstration given to him by Parke concerning the exact manner in which the ladder was being used, and the details of the fall itself, the accident could have happened just as Parke stated, and resulted from a defect in the ladder rail. On the other hand, he candidly testified that he could not identify any specific design, construction, manufacturing or wood defect in the ladder.
The trial court found that the pleadings and evidence failed to establish a genuine issue of material fact as to the existence of a defect in the ladder which was the cause of the accident. We are of the view that the trial court erred. First, in disregarding Parke's sworn affidavit as to how the accident happened, i.e., that he *623 heard a popping sound and then fell, the trial court engaged in weighing the evidence. Secondly, the trial court misapplied the law, particularly as set forth in Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981), in holding that, as a matter of law, Parke had the burden of providing direct evidence of a specific defect in order to avoid summary judgment, and in holding that the inference of product defect  the so-called "Greco inference"[1]  arising from malfunction of a product during its normal use, did not apply to products such as a stepladder which involve active participation and total control by the user.
In the summary judgment, the trial court properly recognized its inability to award a summary judgment based upon Scotty's contentions with respect to Parke's improper use of the ladder, since there was evidence that the ladder was being properly used. The trial court erred, however, in its outright rejection of the Greco-Cassisi inference in considering whether there was an issue of product defect, under the facts of this case. Appellee devotes considerable argument in its brief, as it did below, to the proposition that the inference of defectiveness flowing from product failure during normal use is applicable only to the "magic box" type of product, such as clothes washers and dryers, television sets, and the like, in which user involvement is ordinarily limited to the manipulation of a push-button or similar actuating control, with only passive involvement with the product during operation. We find this interpretation to be at odds with Cassisi and the authorities upon which it relies, as well as later cases. See e.g. McCann v. Atlas Supply Co., 325 F. Supp. 701 (W.D.Pa. 1971) (tire failure on a moving vehicle); Lindsay v. McDonnell Douglas Aircraft Corp., 460 F.2d 631 (8th Cir.1972) (aircraft in flight); Brady v. Steyr-Daimler-Puch A.G. Werke Graz Austria, 429 So.2d 1348 (Fla. 2d DCA 1983) (moped's throttle stuck during operation; plaintiff's expert found cable misrouted and pinched, but could not attribute sticking of throttle to the misassembly); Gencorp., Inc. v. Wolfe, 481 So.2d 109 (Fla. 1st DCA 1985), rev. denied, 491 So.2d 281 (Fla. 1986) (tire blowout case); Diversified Products Corp. v. Faxon, 514 So.2d 1161 (Fla. 1st DCA 1987) (exercise machine broke while being used by plaintiff). Compare, Miller v. Allstate Insurance Company, 573 So.2d 24 (Fla. 3d DCA 1990) (presumption of defectiveness does not arise from fact that a car left the road while under control of the driver).[2]
Huskey Industries, Inc. v. Black, 434 So.2d 988 (Fla. 4th DCA 1983), upon which appellee relies, deals with the sufficiency of proof of a design defect at trial. The court held that the mere showing that a can of lighter fluid exploded was insufficient to prove that its black color was a defect, or to shift the burden of proof to the defendants, since there was evidence that the plaintiff had misused the product, citing Cassisi. Id. at 995, footnote 11. Appellee also relies on Corey v. Sunar, Ltd., 446 So.2d 145 (Fla. 4th DCA 1983), as a case rejecting the Cassisi inference. In fact, Corey is a Per Curiam "Affirmed" decision without a majority opinion. The dissenting judge cited Cassisi; there is no explanation of the basis for the majority's decision. We find that neither of these cases support the ruling of the trial court in the case before us.
We find it significant that neither party to this appeal has referred to McCarthy v. Florida Ladder Co., 295 So.2d 707 (Fla. 2d DCA 1974), although the case was cited in Cassisi, at footnote 22, with the following comment:
22. Even the proof requirements common to negligence or warranty actions do not require that a plaintiff establish a specific product defect since the proof of defect can be established by reasonable inferences from the circumstances. See *624 McCarthy v. Florida Ladder Co., 295 So.2d 707, 709-710 (Fla. 2d DCA 1974).
396 So.2d at 1150.
The facts in McCarthy are similar to the facts here in that at the summary judgment stage there was no direct evidence of a specific defect in a ladder that failed during normal use. Indeed, in McCarthy, the broken ladder itself could not be found. The reviewing court, reversing summary judgment of no liability, stated that there is no rule of law which holds that proof of a defective product cannot be established by parole testimony; further, that as to the requirement of showing a defect at the time of sale, there was evidence that the ladder was new, that it failed while being used in a usual and reasonable manner, and that there were circumstances as to its collapse that tended to exclude all reasonable inferences except defectiveness.
Similarly, in the case before us there are circumstances which tend to exclude all reasonable inferences except defectiveness. The affidavits of Scotty's experts, though persuasive, fail to eliminate the possibility of a defect as a cause of the ladder failure. For one thing, neither expert accounted for the "popping" sound Parke heard just before his fall. Furthermore, their opinions concerning the absence of a defect in the ladder rail, as well as their opinions as to what caused the fall, are themselves based upon circumstantial evidence, for neither of them were present at the scene or saw the ladder in its prefailure state, and could only surmise the ladder's condition at the time of sale by their observation of the broken pieces.
We note here that unlike the ladder in McCarthy, Parke's ladder may not have been "new." However, the age or condition of the ladder in the case before us played no part in the trial court's decision to grant summary judgment, since the court expressly relied on the non-applicability of the Greco-Cassisi inference to products of this kind as the basis for its judgment.
In view of our disposition on the main issue which requires reversal and remand for further proceedings, we find it unnecessary to consider appellant's second issue, in which they contend that the trial court erred in striking their expert McCarthy's post-deposition affidavit.
As to the matters raised in Scotty's cross appeal, we find no reversible error in the trial court's ruling allowing appellants to file an amended complaint adding a count for strict liability, and adding a claim for loss of consortium in behalf of Julia Parke.
We REVERSE as to the appeal, AFFIRM the cross appeal, and REMAND for further proceedings.
SMITH, NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Greco v. Bucciconi Engineering Co., 283 F. Supp. 978 (W.D.Pa. 1967), aff'd, 407 F.2d 87 (3d Cir.1969).
[2] The court in Miller and the trial court here appear to have relied upon language from that part of this court's Cassisi opinion dealing with the difference between the defectiveness presumption and cases involving the doctrine of res ipsa loquitur. See Cassisi, 396 So.2d at 1151-1152.