IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MASCI CORPORATION AND THE
HANOVER INSURANCE COMPANY,

     Appellants,

 v.                             Case No.  5D15-121

FORTILINE, INC., ETC., ET AL.,

     Appellees.

_____/

Opinion filed September 2, 2016

Appeal from the Circuit Court
for Volusia County,
Terence R. Perkins, Judge.

Howard M. Allen, of Howard M. Allen,
PLLC, Cocoa Beach, for Appellants.

Scott W. Cichon, of Cobb Cole, Daytona
Beach, James B. Barton, of Hansen,
Reynolds, Dickinson, Crueger LLC,
Milwaukee, WI and Houston E. Short, of
Gunster, Yoakley & Stewart, P.A.,
Orlando, for Appellees.


PER CURIAM.

     Masci Corporation ("Masci") and the Hanover Insurance Company appeal the final

judgment awarding damages to Fortiline, Inc. ("Fortiline"). The underlying case was a

contract dispute resulting from the failure of reinforced concrete pipe that Fortiline

supplied and Masci installed as part of a construction project for the city of DeBary. After

Masci refused to pay Fortiline for the pipe, Fortiline filed suit against Masci to collect the amount due. Masci filed numerous affirmative defenses alleging product defect and a counterclaim alleging breach of the implied warranty of merchantability. Fortiline filed a third-party complaint against the manufacturer of the concrete pipe, Quality Culvert ("QC"). As a result, QC replaced Fortiline as a party at trial. The trial court granted QC's motion for involuntary dismissal of Masci's counterclaim and rendered the final judgment under review. Masci appeals, raising four issues, two of which have merit. As to the other two issues, we affirm without further discussion.[1]

The two issues we will address are whether the trial court erred in admitting Exhibit 115 into evidence and in granting QC's motion for involuntary dismissal of Masci's counterclaim. Masci argues that the trial court erred in admitting hearsay evidence over Masci's objection. QC entered into evidence a document, labeled Exhibit 115, that had been prepared by a QC employee for the purpose of showing the dates the concrete pipe segments at issue were manufactured. The trial court sustained Masci's hearsay objection. However, the trial court admitted the document for the purpose of allowing witnesses to testify to its contents. The trial court later admitted the document into evidence, overruling Masci's objection.

One of QC's expert witnesses relied extensively on the information in Exhibit 115 in formulating his opinion that QC met manufacturing specifications in producing the concrete pipe. Exhibit 115 was created by a QC employee in anticipation of litigation, and no foundation was established for the document being an admissible business

---

[1] Masci also argues that the trial court erroneously granted Fortiline's motion to strike Masci's res judicata affirmative defense and that the trial court erred in admitting a witness's testimony.

2

record.  See Hunter v. Aurora Loan Servs., LLC, 137 So. 3d 570, 573 (Fla. 1st DCA 2014). Admission of Exhibit 115 was not harmless error because the trial court determined that Masci had not established a prima facie case of product defect.  Product defect is an element of the affirmative defenses and counterclaim filed by Masci.  See McCarthy v. Fla. Ladder Co., 295 So. 2d 707, 709 (Fla. 2d DCA 1974) (holding that an appellant must prove four elements in order to recover under a theory of implied warranty:  "(1) he was a foreseeable user of the product; (2) the product was being used in the intended manner at the time of the injury; (3) the product was defective when transferred from the warrantor; and (4) the defect caused his injury" (footnote omitted)).

The significance of Exhibit 115 is reflected in stipulations made by the parties in the trial proceedings.  The parties stipulated that the issue to be decided was whether the pipe was defective.  The trial court noted the stipulation and recognized that product defect was the operative issue to be decided in the case.  In essence, pursuant to this stipulation, the parties agreed that if the court determined the pipe was defective, Masci would be entitled to a judgment against QC.  On the other hand, if the pipe was not defective, Masci would not prevail on its affirmative defenses and counterclaim.

Relevant to the issue of product defect was whether the pipe had been produced in accordance with certain industry standards referred to as ASTM C76 (hereinafter "industry standards").  We note parenthetically that the purchase order for the pipe required that the pipe meet the industry standards.  According to QC's expert, the industry standards required testing with the use of a three-edge bearing test every five days of pipe production and visual inspection of the pipe.  The expert testified that the visual

3

inspection "will be further supported with having passed the three-edge bearing test, so that's the gold standard."

In order to meet the requirement of the three-edge bearing test being performed every five days of production, QC prepared Exhibit 115. The stated purpose of this document was to establish the dates that the plant was open for operation to produce the pipe in order to meet the five-day three-edge bearing test requirement of the industry standards. The expert called by QC relied on this exhibit to render his opinion as to whether the industry standards had been met. The critical problem with Exhibit 115 is that no evidence was introduced to show what records were relied upon to produce the data contained in Exhibit 115 and no such records were ever produced or disclosed to Masci. The trial court originally sustained Masci's hearsay objection, then ruled that the expert could use the contents of the document in his testimony and subsequently admitted the document into evidence.

Ultimately, the trial court ruled that QC had established "conclusively that the pipes met all manufacturing specifications, and were certified as compliant with the applicable industry standards when they were manufactured." Thus, the trial court granted QC's motion for involuntary dismissal of Masci's counterclaim and further ruled that Masci could not prevail on its affirmative defenses. Based on the record before us, we do not believe that these rulings could have been properly made without consideration of QC's expert's testimony, which utilized Exhibit 115 to conclude that QC had complied with the industry standards. Had Exhibit 115 been properly excluded, the trial court may have arrived at different conclusions.

4

We conclude that the trial court erred in admitting Exhibit 115 into evidence and granting QC's motion for involuntary dismissal. Accordingly, we reverse the judgment under review and remand this case for a new trial.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA, ORFINGER and BERGER, JJ., concur.