ALLEN, Chief Judge.
Appellant, defendant below, takes an appeal to review the trial court’s order granting plaintiffs’, appellees here, motion for judgment notwithstanding the jury verdict and ordering a new trial on damages. The order also stated if judgment notwithstanding the verdict is reversed, then plaintiffs’ alternative motion for new trial on all issues would be granted.
We will reverse the part of the order granting to plaintiffs judgment notwithstanding the verdict and affirm the alternative order on motion for new trial on all issues
The subject of this case is a vehicular accident between a pick-up truck driven by Mr. Blount and owned by defendant, and an automobile driven by minor plaintiff’s mother, Mrs. Singletary. Blount was proceeding in a southerly direction when he stopped his truck at the intersection of North Boulevard and Kennedy Boulevard in Tampa to wait for the light to change. His truck was in the outside lane nearest the center line. Plaintiffs’ automobile had been in a service station located on the-northeast corner of the intersection. Mrs. Singletary left the service station and crossed North Boulevard in a westerly direction in order to head south on North Boulevard in the inside or curb lane. Mrs. Singletary had to pass behind Blount’s truck to reach-the inside lane. About the time Mrs. Singletary was passing (or had begun to pass) behind defendant’s truck, Blount claims to have seen a gasoline truck turning on to North Boulevard, to head North,, from Kennedy Boulevard. Blount claims, there was insufficient room for the gasoline truck to complete the turn unless he backed up his pick-up truck. He said he- *591 looked to the right, looked behind him, observed nothing, and backed up. The truck struck the left rear quarter of plaintiffs’ automobile damaging it to the extent of $25.75.
Plaintiffs contend that Blount is the only-person who claims to have seen any gasoline truck and that he failed to show the necessity for the truck to use more than two northbound lanes to make the turn. Plaintiffs argue that Blount began to hack up after the plaintiffs’ vehicle had been committed to the inside (curb) lane and after it collided with plaintiffs’ car pushed it further before finally coming to a halt. Plaintiffs assert all of this took place despite repeated soundings of the horn by Mrs. Singletary.
The minor plaintiff, who was then about 15 months old, was standing on the rear seat of plaintiffs’ automobile. When the collision occurred he fell to the floor, began crying but was apparently not bruised or cut. After the accident (about six days later) Mrs. Singletary took the minor plaintiff to Dr. Adler, his regular pediatrician. Mrs. Singletary testified the minor plaintiff acted differently after the accident. He began walking into objects as if they were not there; he would beat his head against various objects; he forgot his toilet training; and lost his previous ability to say certain words. A skull X-ray revealed a one-inch skull fracture of recent origin. Dr. Adler testified the fracture could have occurred two or three months before the accident.
Dr. Aliff, the neurosurgeon who treated the child, testified that while he could find no gross brain abnormality, the fracture originated recently and was not only consistent with a fall of the kind the child suffered, but also consistent with the child’s present difficulties. Plaintiffs assert there was no evidence that the child’s injury was the result of anything other than the accident
It was error to grant plaintiffs’ motion for judgment notwithstanding the verdict. A party moving for a directed verdict admits not only the facts established by the evidence but also admits every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. All favorable inferences considered, a jury could conclude that Blount was not negligent because he took all possible precautions before backing up and could not see appellees’ car.
The trial court’s ruling, that upon reversal of judgment a new trial is ordered upon all issues, was first grounded upon the finding that the verdict was against the manifest weight of the evidence.
A motion for new trial is directed toward the sound direction of the trial judge. An appellate court will not reverse an order granting a new trial unless the appellant demonstrates that the trial court has abused its discretion. It has been said that a stronger showing is necessary to reverse an order granting a new trial than to affirm an identical order.
Appellant argues, in effect, that a court abuses its discretion in granting a new trial where there is “substantial competent evidence” to support the jury verdict. We disagree. Under Cloud v. Fallis, Fla.1959, 110 So.2d 669, a trial court, within its discretion, can grant a new trial where the verdict is against the manifest weight of the evidence, even though the record appears to contain “some substantial competent evidence” to support the verdict. This type of situation particularly occurs when the jury is compelled to resolve conflicting facts to reach a verdict. In passing, we note recent cases have cited either the so-called substantial competent evidence rule, or the broad discretion rule of Cloud v. Fallis, supra, or confused the two rules. We believe that Cloud v. Fallís, supra, correctly sets out the rules courts must follow when attempting to ascertain *592 the validity of a motion for new trial or an order granting a new trial. See our recent opinion in Grant v. Williams, Fla.App.1966, 190 So.2d 23, released August 12, 1966.
The requisite showing of abused discretion has not been adequately demonstrated.
Since we have affirmed that part of the trial court’s order granting- a new trial upon the ground that the verdict is against the manifest weight of the evidence, we do not need to pass upon the validity of the other two grounds cited in support of the order.
The part of the trial court’s order granting to plaintiffs judgment notwithstanding the verdict and ordering a new trial on damages is reversed and set aside. The part of the order granting a new trial, in the event judgment notwithstanding the verdict is reversed, is affirmed.
Reversed in part, and affirmed in part.
■■ SHANNON, J, and KISSINGER, C. M., Associate Judge, concur.