PEARSON, Judge.
The appellant was a passenger in an automobile which was struck by a trailer truck at an intersection. At the conclusion •of plaintiff’s case, the trial judge directed :a verdict for the defendant-appellee, John T. Johnson, driver of the truck and for the appellee, owner.
A directed verdict ought not be entered at the close of plaintiff’s case unless the plaintiff cannot recover under any reasonable view of the evidence. De Salvo v. Curry, 160 Fla. 7, 33 So.2d 215 (1948); Martin v. Rivera, Fla.App.1958, 99 So.2d 617. Even where the evidence is not in dispute, when conflicting reasonable inferences may be drawn from the admitted facts, questions of negligence and negligent causation are peculiarly questions of fact which should be permitted to go to the jury. Mason v. Remick, Fla.App.1958, 107 So.2d 38; see also Nielsen v. City of Sarasota, Fla.1960, 117 So.2d 731, 733.
At this point it should be noted that a passenger is not, by the mere fact of being a passenger, charged with the negligence of his driver. See Miami Coca Cola Bottling Co. v. Mahlo, Fla.1950, 45 So.2d 119; Besset v. Hackett, Fla.1953, 66 So.2d 694, 698.
Viewed in the light most favorable to the plaintiff’s case, the evidence showed that the collision occurred at an intersection where defendant-driver and plaintiff’s driver entered from opposite sides of a through street. Each driver stopped at a governing stop sign and then entered the intersection. The plaintiff-driver turned to the left on the through street and his automobile was struck on the right rear by defendant’s truck which was turning right to proceed in the same direction. Neither driver admitted seeing the other.
If the evidence is susceptible to reasonable view that either (a) the defendant-driver alone was negligent or (b) both drivers were negligent, the verdict ought not have been directed. A verdict could only be directed if the evidence at the close of plaintiff’s case conclusively shows (c) that only plaintiff’s driver was negligent or (d) neither driver was negligent.
The evidence is clearly susceptible to the view “(a)” or “(b)” above and therefore does not conclusively show “(c)” or “(d)”.
The judgment is reversed, and the cause is remanded for a new trial.
Reversed and remanded.