PER CURIAM.
The plaintiffs [David Cooper] and his wife [Celia Cooper] appeal from a final judgment entered in a negligence action in favor of the defendant [Fenton Brace & Limb Company] and its insurer [National Indemnity Company]. The plaintiffs contend that it was error for the trial court to direct a verdict in favor of the defendants at the close of all the evidence in the case. We agree and reverse.
The law is clear that a directed verdict should not be entered for a defendant in a negligence action unless the plaintiff cannot recover under any reasonable view of the evidence; even where the evidence is not in dispute, when conflicting reasonable inferences may be drawn from the admitted facts, questions of negligence and negligence causation are peculiarly questions of fact which should be permitted to go to the jury. Rio Seco v. Alfred Meyers Trucking, Inc., 208 So.2d 265 (Fla. 3d DCA 1968). Our review of the evidence in this case leads us to the conclusion that there were conflicting reasonable inferences on the question of negligence and negligence causation based on all the evidence which precluded the entry of a directed verdict in favor of the defendants.
Reversed and remanded for a new trial.