367 So.2d 708 (1979)
George ROBINSON, Individually and As Personal Representative of the Estate of Jean Robinson, Deceased, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Morris Beck, Eugene Willard Simmons, Joyce Simmons, Charles Kreiker, Eutychos Rolle, and Industrial Fire and Casualty Insurance Company, Appellees.
Nos. 77-1362, 77-1577.
District Court of Appeal of Florida, Third District.
February 20, 1979.
*709 Horton, Perse & Ginsberg and Edward A. Perse; Freidin & Goldfarb, Miami, for appellant.
Adams & Ward and Amy Shield Levine, Weissenborn & Burr and Lee Weissenborn, Miami, for appellees.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
George Robinson, individually, and as personal representative of the estate of Jean Robinson, deceased, appeals two separate orders entered after jury verdicts in an action that he brought for the wrongful death of his wife. Mr. Robinson's wife, Jean, was killed in a four car automobile collision when she was a passenger in a car driven by an individual named Rolle. He is not a party to this action. The car driven by Mr. Rolle and one driven by a Mr. Beck were proceeding north on Biscayne Boulevard in the vicinity of Miami Shores. The Boulevard there is a four-lane road with two lanes in each direction. At the time of the accident, there was heavy rain and the road was slick. Two cars were proceeding south toward the Rolle and Beck cars. These two cars were driven by Mr. Kreiker and Mrs. Simmons.
The evidence is susceptible to several different interpretations of how the accident occurred. Rolle testified that he was hit in the rear. A matching of paint samples indicated the car that had hit him in the rear was the Beck car. The Beck car may have been caused to strike the Rolle car because of a prior striking by an automobile driven by Kreiker. As a result of being struck in the rear, the Rolle car went into the southbound land and was struck broadside on the passenger side by the Simmons car. Jean Robinson was fatally injured. The appellant (plaintiff in the trial court) settled with the defendants responsible for the Kreiker vehicle and, at trial, as personal representative of Jean Robinson's estate, recovered a verdict of $76,255, as well as a verdict of $50,000, as the surviving husband, against defendants Beck and Simmons.
After the entry of jury verdicts, the trial court entered a directed verdict for the defendants Beck and Allstate Insurance Company upon their renewed motion. A final judgment was entered for these defendants. Also, after the verdict, the trial judge entertained defendant Simmons's motion for new trial, and entered an order *710 granting the motion and setting forth the following grounds:
* * * * * *
"... the Court having determined that the verdict in this cause shocked the Court's conscience, and that the said verdict was induced by prejudice and passion on the part of the jury rather than being based on the evidence and the law, and that the verdict was contrary to the manifest weight of the evidence, ..."
The plaintiff has appealed the final judgment entered upon the directed verdict for Beck and has separately appealed the order granting a new trial to the defendant Simmons. In addition, defendant Beck has cross-assigned error claiming prejudice in certain rulings of the trial court during the progress of the trial.

THE DIRECTED VERDICT FOR DEFENDANTS BECK AND ALLSTATE
Plaintiff urges that the directed verdict for defendant Beck should be reversed because there was evidence before the jury sufficient to sustain the verdict finding Beck guilty of negligence. In effect, plaintiff urges that the entry of the directed verdict violates the principle set forth in Nelson v. Ziegler, 89 So.2d 780 (Fla. 1956); and Cooper v. Fenton Brace & Limb Company, 350 So.2d 1106 (Fla. 3d DCA 1977). In the Cooper opinion, we held:
"The law is clear that a directed verdict should not be entered for a defendant in a negligence action unless the plaintiff cannot recover under any reasonable view of the evidence; even where the evidence is not in dispute, when conflicting reasonable inferences may be drawn from the admitted facts, questions of negligence and negligence causation are peculiarly questions of fact which should be permitted to go to the jury. Rio Seco v. Alfred Meyers Trucking, Inc., 208 So.2d 265 (Fla. 3d DCA 1968)."
Our review of the record convinces us that there is evidence in this record upon which a jury could reasonably believe that Beck struck the Rolle car and initiated the accident. This view is somewhat reinforced by the fact that paint samples taken from the front of the Beck car were cross-matched with those taken from the rear of the Rolle car and appeared to indicate a collision between the two. We, therefore, conclude that the directed verdict for Beck must be reversed.
We believe, however, that the granting of a new trial[1] upon the plaintiff's claim against Beck is necessary under the circumstances of this case. We, therefore, reverse the final judgment for defendants Beck and Allstate Insurance Company, but decline to direct the court to enter judgment upon the jury verdict. It is clear that the jury verdict was induced by a misunderstanding of the issues and by the same passion and prejudice that induced the entry of the verdict for the plaintiff against defendants Simmons and Allstate Insurance Company. See Lykes Brothers, Inc. v. Singletary, 190 So.2d 589, 592 (Fla. 2d DCA 1966).

THE ORDER GRANTING A NEW TRIAL TO DEFENDANTS SIMMONS AND ALLSTATE
The plaintiff urges that the law as set forth in prior cases, declaring that the trial judge has a broad discretion in the granting of motions for new trial, is no longer applicable. For the rule applied until recently by the appellate courts of Florida, see Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); and Pyms v. Meranda, 98 So.2d 341 (Fla. 1957). The plaintiff urges that the recent opinion of the Florida Supreme Court in Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978), changes the law as *711 it applies to the granting of a new trial. In that opinion, the Supreme Court stated:
"Although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. See Thompson v. Williams, 253 So.2d 897 (Fla. 3d DCA 1971). Order granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused.
"Since the order for new trial is deficient because it does not contain reference to the record in support of its conclusion that remittitur of the punitive damage award is necessary to cure the excessiveness of the punitive damage verdict (its basis for requiring new trial), we have made an independent review of the record in search of support of that conclusion. We find none."
The plaintiff argues that the Wackenhut opinion requires the reversal of an order granting a new trial unless the trial judge goes further than stating the magic words concerning the manifest weight of the evidence and passion or prejudice of the jury. We do not so read the opinion. It is clear that in the Wackenhut case, the Supreme Court examined the record, and found therein no basis for the trial court's action. We have examined this record and we find that the trial court's conclusions that the verdict was such as to shock the conscience of the court, that it was, indeed, induced by passion and prejudice rather than being based on evidence and law, and that the verdict was contrary to the manifest weight of the evidence are supported by the record. The record contains no evidence of the negligence of the driver of the Simmons automobile. The plaintiff suggests only that the force of the impact might show excessive speed. A mere speculation or inference of negligence is insufficient to support a jury verdict. See the rule in Ephrem v. Phillips, 99 So.2d 257, 261 (Fla. 1st DCA 1957). Under these circumstances, a new trial ought to be granted.
In the same order, it is noted that the verdict was such as to shock the conscience of the court. We find support in the record for this finding of the trial judge in the fact that the amount of damages awarded to the plaintiff is not supportable on any interpretation of the testimony and evidence before the court.
Having reached the conclusion that a directed verdict for the defendants Beck and Allstate Insurance Company must be reversed, but that the ends of justice require a new trial for these defendants, and having reached the further conclusion that the record supports the award of a new trial to defendants Simmons and Allstate Insurance Company, we, therefore, hold: (1) The final judgment appealed is reversed and remanded with directions to grant defendants Beck and Allstate Insurance Company a new trial, and (2) the order awarding a new trial to defendants Simmons and Allstate Insurance Company is affirmed.
We find no error upon defendant Beck's cross-assignments of error.
Affirmed in part, reversed in part and remanded for a new trial.
HAVERFIELD, Chief Judge, dissenting.
I cannot agree with the majority holding with regards to defendants Beck and Simmons.
As concerns Beck, the majority opinion finds that there was evidence in the record upon which a jury could reasonably believe that Beck struck the Rolle car and initiated the accident. Therefore, under Nelson v. Ziegler, 89 So.2d 780 (Fla. 1956), supra, and Cooper v. Fenton Brace & Limb Company, 350 So.2d 1106 (Fla. 3d DCA 1977), supra, the directed verdict should be reversed and the jury verdict should be reinstated. See Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA 1979). There being competent substantial evidence to support the jury verdict, I fail to see how the verdict was induced by a misunderstanding of the issues *712 and note that the trial judge made no such finding as to any misunderstanding or passion or prejudice on the part of the jury in the order granting Beck's motion for judgment in accordance with motion for directed verdict.
I would also reverse the order granting Simmons a new trial. This order simply states the verdict was against the manifest weight of the evidence and, therefore, is deficient. See Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978). Having failed to articulate the reasons for a new trial, the order is not susceptible to appellate review. Travelers Indemnity Company v. Hicks, 363 So.2d 628 (Fla. 3d DCA 1978).
Further, after reviewing the record, I find that the verdict against Simmons was not against the manifest weight of the evidence. The record contains sufficient evidence as to the force of the impact (both physical and testimonial) upon which the jury could have concluded[1] that Simmons was traveling at an excessive rate of speed under the prevailing road conditions existing at the time of the accident and, therefore was negligent.
For the above reasons, I would reinstate the jury verdicts against Beck and Simmons.
NOTES
[1] "COME NOW the Defendants, MORRIS BECK and ALLSTATE INSURANCE COMPANY as his insuror, by and through their undersigned counsel, and move the Court to set aside the Verdict of the jury and to enter Judgment in favor of these Defendants in accordance with their Motion for Directed Verdict, or, if the foregoing motion be denied, to set aside the Verdict and the Judgment entered on it and grant these Defendants a new trial on all issues herein and for grounds therefor, say:"

[Emphasis Added]
[1] Contrary to Simmons' testimony.