406 So.2d 104 (1981)
Harry CONN, a/k/a Bruce Harris, Appellant,
v.
SEAWIND ENTERPRISES, INC., Appellee.
No. 81-365.
District Court of Appeal of Florida, Third District.
November 24, 1981.
Thomas H. Connors, Miami, for appellant.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph Lowe, Miami, for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
Perceiving no question of fact involving breach of the landlord's duty to exercise reasonable care to an invitee, we affirm the summary judgment entered by the trial court.
[T]he mere occurrence of an accident does not give rise to an inference of negligence, and is not sufficient for a finding of negligence on the part of anyone. Robinson v. Allstate Insurance Company, 367 So.2d 708 (Fla.3d DCA 1979); Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA 1978); Lash v. Nolan, 321 So.2d 104 (Fla. 4th DCA 1975); and City Cab of Orlando, Inc. v. Green, 308 So.2d 540 (Fla. 4th DCA 1975).
Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981).
SCHWARTZ, Judge (dissenting).
I do not believe the defendant carried its burden of showing conclusively that the plaintiff's slip and fall was not caused or contributed to by the unreasonably slippery condition of its stairway. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); 194th Street Hotel Corp. v. Hopf, 383 So.2d 739 (Fla.3d DCA 1980); Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla.2d DCA 1959), cert. denied, 122 So.2d 408 (Fla. 1960). I would therefore reverse the summary judgment entered below.