JORGENSON, Judge,
dissenting.
I respectfully dissent. The record is devoid of any indication that Krstic was negligent in operating his boat. Estock failed to adduce, both in her presentation to the jury and her proffer to the trial court, any evidence establishing that Krstic had breached the highest degree of care imposed by section 327.32, Florida Statutes (1981), on an owner-operator of a motorboat.[1] Krstic’s act of accelerating while crossing the wake of another boat is not sufficient to establish negligence. Estock’s bare allegation of intoxication is similarly inadequate to show that Krstic’s faculties were impaired. The mere fact that Estock suffered an accidental fall cannot by itself serve as the foundation for negligence. East Bay Raceway v. Parham, 497 So.2d 719 (Fla.2d DCA 1986); Conn v. Seawind Enters., Inc., 406 So.2d 104 (Fla.3d DCA 1981). In my view, the directed verdict for Krstic was proper. See East Bay Raceway (where plaintiff’s case insufficiently addressed how defendant’s actions deviated from standard of care, trial court erred in not directing verdict for defendant).
I would affirm.

. Section 327.32, Florida Statutes (1981), provides:
327.32 Boat declared dangerous instrumentality; civil liability. — All boats, of whatever classification, shall be considered dangerous instrumentalities in this state and any operator of such boats shall, during any utilization of said boats, exercise the highest degree of care in order to prevent injuries to others. Liability for negligent operation of a boat shall be confined to the person in immediate charge or operating the boat and not the owner of the boat, unless he is the operator or present in the boat when any injury or damage is occasioned by the negligent operation of such vessel, whether such negligence consists of a violation of the provisions of the statutes of this state, or negligence in observing such care and such operation as the rules of the common law require.