SORONDO, Judge.
The Appellant, plaintiff, filed suit for negligence as a result of an automobile accident. She appeals from a final judgment entered on a directed verdict of no liability. The Appellee, defendant, died before the filing of the lawsuit, and her estate was substituted as a party.
The facts of the case are simple. Plaintiff was a passenger in the back seat of a car that was struck on its left passenger side, where she was sitting. She testified at trial that the accident happened on a cloudy day and that the road was wet. She said the car she was riding was headed south on 27th avenue in the far right lane, during the rush hour, and had the right of way. As she rode through the intersection in question defendant’s car struck the ear plaintiff was riding. Finally, she testified that defendant had the stop sign. Bareelo admitted that she was speaking to another passenger at the time of the collision, that she did not see defendant run the stop sign, and that she could not say that the car she was riding was the first to enter the intersection.
At the conclusion of the plaintiffs case, defendant moved for a directed verdict arguing that plaintiff had failed to present any evidence that defendant had negligently caused the accident. The trial court granted a directed verdict for the defendant on the issue of liability. For the reasons set forth below, we reverse.
We begin with an analysis of the case the defendant relies upon, City Cab Co. of Orlando, Inc. v. Green, 308 So.2d 540 (Fla. 4th DCA 1975). In City Cab, the plaintiff was a passenger in a taxicab which made a sudden unexplained stop without warning. Plaintiff claimed she suffered personal injuries as a result. In addition to these facts, plaintiff presented evidence that there were four occupants in the cab. The driver and a female passenger were in the front seat. Plaintiff and a male passenger were in the rear seat. The cab was travelling north on the street in question toward the intersection where the sudden stop occurred. Beyond these facts, plaintiff could offer no further evidence as to *92 how the accident occurred. The court noted that
Aside from not knowing why the driver applied brakes, plaintiff’s ease does not reflect and hence we do not know:
1. The time of the occurrence.
2. The weather conditions.
3. Traffic conditions.
4. Any distances, such as the distance of the cab from the intersection at the time of the stop or the distance from the second vehicle.
5. If traffic control devices, such as lights or stop signs, existed and, if existent, their command at times pertinent. Even further, we do not know if such controls played any part in explanation of the stop.
6. If skid marks existed and, if so, the extend [sic] and location.
7. Speed of the cab or speed of the vehicle in the intersection, assuming it may have played some part.
8. Road conditions.
9. If hazards existed.
10. Any timing or sequence of events.
City Cab, 308 So.2d at 542-43.
The facts in the present case are distinguishable from those of City Cab. In that case, the plaintiff literally had no idea what occurred at the time of the accident. Using the Fourth District’s own criteria in this case, the plaintiff testified that the approximate time of the occurrence was the rush hour; that the weather conditions were cloudy; that traffic conditions were consistent with the rush hour; that the defendant had the stop sign; that the road conditions were wet; and that the car she was riding was struck by the defendant’s vehicle in the left rear area. Thus, seven of the ten factors that court found to be significantly absent were present in this case.
We find the present ease to be more in line with our decision in Rio Seco v. Alfred Meyers Trucking, Inc., 208 So.2d 265 (Fla. 3d DCA 1968). Viewed in the light most favorable to the plaintiff the facts in Rio Seco were the following: The automobile collision occurred at an intersection where defendant-driver and plaintiff’s driver entered from opposite sides of a through street. Each driver stopped at “his” stop sign and then entered the intersection. The plaintiff-driver turned to the left on the through street and his automobile was struck on the right rear by defendant’s truck which was turning right to proceed in the same direction. Neither driver admitted seeing the other. In that case we held:
If the evidence is susceptible to reasonable view that either (a) the defendant-driver alone was negligent or (b) both drivers were negligent, the verdict ought not have been directed. A verdict could only be directed if the evidence at the end of plaintiffs case conclusively shows (c) that only plaintiffs driver was negligent or (d) neither driver was negligent.
The evidence is clearly susceptible to the view ‘(a)’ or ‘(b)’ above and therefore does not conclusively show ‘(c)’ or ‘(d)’.
Rio Seco, 208 So.2d at 266.
As we did in Rio Seco, we find that the evidence in this case is susceptible to a reasonable view that either the defendant-driver alone was negligent or both drivers were negligent. We do not reach this conclusion on the basis of the doctrine of res ipsa loquitur, as suggested by the dissent, but on the basis of the circumstantial evidence presented at trial. Under these circumstances, we conclude that the trial court erred by directing a verdict.
Reversed and remanded for a new trial.
FLETCHER, J., concurs.