JORGENSON, Judge,
dissenting.
Because in my view the doctrine of res ipsa loquitur does not apply in automobile cases, I respectfully dissent, and would affirm the directed verdict entered for the defendant.
Elizabeth Bareelo was a back-seat passenger in a car owned and operated by Manuel Morales when that car collided with Sylvia Nelson’s car. Bareelo and a fellow passenger, Linda Morías, sued Nelson for negligence. Morías settled her claim with defendant. At no point was Morales, the owner and driver of the ear in which Bareelo was riding, a party to this litigation. Although *93 the record indicates that Morales was deposed, that deposition was not made part of the record on appeal, and Morales did not testify during plaintiffs case.
Barcelo’s testimony regarding the accident itself can be summed up in one sentence: the roads were wet; the day was cloudy; the car in which she was riding had the right of way and was in the right lane traveling south; cars coming from Nelson’s direction had a stop sign; and she was talking to another passenger when she felt an impact. Barcelo did not see Nelson’s ear strike Morales’ car. She did not see Nelson’s ear stop at, or run, a stop sign. She did not see Nelson’s car proceed through the intersection. She did not give any testimony about the behavior of Morales, the driver of the car in which she was riding. The sum total of her testimony was that an impact occurred, and that she was injured by that impact.
Barcelo’s scant testimony failed to present any evidence that Nelson was negligent. “Negligence cannot be assumed by proving merely that an accident occurred.” East Bay Raceway v. Parham, 497 So.2d 719, 720 (Fla. 3d DCA 1986)(trial court erred in denying defendant’s motion for directed verdict where plaintiff failed to establish causal connection between incident causing injury and negligent act by defendant); see also City Cab Co. of Orlando v. Green, 308 So.2d 540, 541 (Fla. 4th DCA) (“[Njegligence may not be inferred from the mere happening of an accident alone.”), cert. denied, 321 So.2d 554 (Fla.1975).
In reversing the trial court’s order, the court relies upon Rio Seco v. Alfred Meyers Trucking, Inc., 208 So.2d 265 (Fla. 3d DCA 1968). In Rio Seco, however, there was testimony that “each driver stopped at a governing stop sign and then entered the intersection.” Id. at 266. In this ease, there is no testimony as to either driver’s behavior.
I would affirm.