COPE, J.
This is an appeal after a final judgment in a breach of contract case. We conclude that the contract is clear on its face and that Spanish Broadcasting Systems, Inc. (“SBS”) was entitled to a directed verdict in its favor.
Jose Antonio Hurtado, a banker, entered into a contract with SBS whereby he agreed to introduce SBS to members of the Cisneros Group of Companies (“CGC”), a large Venezuelan media corporation. The agreement stated, in part:
Whereas, SBS desires to continue to expand its penetration into radio markets throughout the United States and abroad;
Whereas, as part of its growth and expansion strategy, SBS may seek additional capital, managerial talent, and access to potential new markets; and
Whereas, Hurtado, through his professional and personal contacts has contacted FINSER, a Florida Corporation, and/or any one of the members of the Cisneros Group of Companies (collectively hereafter referred to as “CGC”) about the possibilities of participating in certain business ventures with SBS relating to the radio broadcasting industry within the United States and abroad.
Now, Therefore, the parties hereto hereby agree as follows:
Hurtado shall introduce and arrange a meeting between the principals of SBS and CGC no later tha[n] 120 days from the date of this “Letter Agreement” so that they may explore numerous potential business opportunities, both within the U.S. radio and telecommunication markets as well as similar markets abroad.
In consideration for Hurtado’s efforts, SBS agrees to compensate Hurtado by paying him a compensation fee (“the Fee”) equal to two percent (2%) of the total U.S. Dollar value of any investments, direct or indirect, made by CGC, or any of its subsidiaries or affiliates, for the benefit of SBS or any of its subsidiaries or affiliates.
[[Image here]]
The parties hereby agree that due to the many varied business opportunities that could result from Hurtado arranging the introduction of SBS and CGC, it is impracticable to establish a firm date by which such business arrangement shall be consummated; therefore, SBS agrees that Hurtado’s right to earn the Fee shall be in effect for a period of two (2) years.
*461 At the time the letter agreement was signed, SBS was in need of additional capital and viewed CGC as a possible investor. Hurtado introduced SBS and CGC to each other, and they proceeded with discussions regarding possible business activities.
In the meantime, SBS decided to sell its stock to the public. Its initial public offering raised $500 million which resolved the need for additional capital. Eventually SBS decided to buy some radio stations in Puerto Rico from a joint venture owned partly by CGC. As a result, SBS paid $90 million to the CGC joint venture in order to buy the radio stations.
CGC never made any investments in SBS. Instead, SBS paid money to CGC’s joint venture to buy the radio stations.
Hurtado contended that he was entitled to a commission under his agreement with SBS. He reasoned that he had introduced SBS and CGC, resulting in the radio station transaction. Hurtado argued that he was entitled to a commission of two percent of the $90 million purchase price paid by SBS, amounting to $1.8 million. SBS refused to pay, saying that he was not entitled to compensation under the contract.
Hurtado brought suit against SBS on the contract. At trial, SBS moved for a directed verdict, contending that the commission agreement was clear on its face and that Hurtado was not entitled to a commission. The trial court denied the motion for directed verdict and the jury returned a verdict in Hurtado’s favor.
On post trial motions, the court ruled that the jury’s verdict was not supported by the evidence, and ordered a new trial. Hurtado has appealed the new trial order. SBS has cross-appealed, arguing that judgment should be entered in SBS’ favor, in accordance with SBS’ motion for a directed verdict.
We conclude that SBS’ position is well taken. The commission agreement is clear on its face. The sole provision in the contract addressing compensation states that Hurtado is entitled to a fee “equal to two percent (2%) of the total U.S. Dollar value of any investments, direct or indirect, made by CGC, or any of its subsidiaries or affiliates, for the benefit of SBS or any of its subsidiaries or affiliates.” (Emphasis added).
To be entitled to a commission, an investment needed to flow from CGC to SBS. There was never any such investment. CGC never paid anything to SBS. Instead, as events worked out, SBS bought radio stations from a CGC joint venture. The actual flow of funds was from SBS to CGC.
Hurtado argues that the broad language used in the “whereas” clauses indicates an intent to compensate Hurtado if SBS and CGC concluded a business arrangement of any type — even if CGC made no investment in SBS. We cannot accept that analysis. The compensation clause in the agreement is clear and allows for a commission only if there has been a direct or indirect investment by CGC and SBS. That did not occur here. See Johnson v. Johnson, 725 So.2d 1209, 1212 (Fla. 3d DCA 1999).
Since the agreement is clear on its face and there was no view of the evidence that would support Hurtado’s claim for a commission, the SBS motion for a directed verdict should have been granted. See Anesthesiology Critical Care and Pain Management Consultants, P.A. v. Kretzer, 802 So.2d 346, 351 (Fla. 4th DCA 2001); Emmer v. Perez, 757 So.2d 612, 614 (Fla. 3d DCA 2000); 55 Fla. Jur.2d Trial § 166 (2000).
We therefore reverse on the cross-appeal and remand with directions to enter *462 judgment in favor of SBS. The appeal by Hurtado is moot.
Reversed and remanded for proceedings consistent herewith.