922 So.2d 271 (2006)
Klaas VERMEULEN, Appellant,
v.
WORLDWIDE HOLIDAYS, INC., Appellee.
No. 3D04-2123.
District Court of Appeal of Florida, Third District.
February 8, 2006.
Rehearing Denied March 15, 2006.
*272 Grover & Weinstein; Hunter, Williams & Lynch, Coral Gables, Christopher J. Lynch, for appellant.
Charles M-P George, Fort Lauderdale, and Misty M.C. Taylor, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
Klaas Vermeulen appeals the trial court's Final Summary Judgment entered in favor of appellee Worldwide Holidays, Inc. He sued for injuries he sustained in a vehicular accident in Peru. Because we conclude that there was no basis to hold Worldwide liable, we affirm.

I. Factual Background
Vermeulen is a travel consultant with twenty-two years experience. In 1996, he visited Ft. Lauderdale, Florida, after which he was traveling to South America. The day before his departure from Ft. Lauderdale to South America, Vermeulen called Worldwide, located in South Miami, Florida, to book a cruise to the Galapagos Islands. Worldwide booked only the cruise and gave him a travel agent discount; Vermeulen booked his own airfare, transportation and hotels. Usually, Worldwide books the traveler's entire trip, not just a portion of the trip.
The day after booking the Galapagos cruise, Vermeulen called Worldwide from the Ft. Lauderdale airport to book a Machu Pichu tour in Peru. Worldwide booked the tour for him, and Vermeulen booked his own hotels and air transportation. When he asked how he would get his tickets, Worldwide told Vermeulen that someone from Chasquitur, the local Peruvian tour operator, would meet him upon his arrival to give him his tickets, but did not tell him that Chasquitur was its agent. *273 Vermeulen did not speak with anyone at Worldwide after leaving the country.
Worldwide does not set the rates charged for Chasquitur's services. Worldwide charges according to the rate schedule supplied by Chasquitur, and it forwards payments from its clients directly to Chasquitur. Worldwide has no employees in Peru and does not control Chasquitur's operations. All of Worldwide's employees work in South Miami, Florida. Worldwide does not employ anyone who also works for Chasquitur. Worldwide does not operate tours; it sells packages operated by others. All in-country services are provided by the tour operator, not by Worldwide.
On April 24, 1996, Vermeulen was met at the airport by a Chasquitur employee. The employee did not identify herself as an employee of Worldwide nor was she wearing a Worldwide logo or uniform. Vermeulen did not know who this employee worked for and had no evidence that she was a Worldwide employee or agent. The Chasquitur employee escorted Vermeulen to a van for a trip from the airport to the train station. The van was not marked with a Worldwide logo, nor did the driver identify himself as a Worldwide employee. Worldwide did not tell Vermeulen what type of transportation Chasquitur would provide, nor did it give him any details of the transfer or tours.
On the date in question, while the driver was driving the van, Vermeulen claims that the driver rear-ended another vehicle. Vermeulen did not see the car which collided with the van, nor does he know how fast the car was going at the time of the accident or what the speed limit was. Vermeulen alleges that he was thrown inside the vehicle, and he, the driver and another passenger sustained injuries. Vermeulen testified that it was not until after the accident that he learned that the driver and van were provided by Chasquitur.
Vermeulen sued Worldwide for personal injuries that occurred on the date of the accident, claiming active negligence and vicarious liability for the negligence of Chasquitur. The trial court granted Worldwide's motion for summary judgment.
Vermeulen contends that the trial court erred in entering summary judgment as a matter of law in Worldwide's favor where there were questions of fact regarding both Worldwide's alleged vicarious liability and Worldwide's alleged active negligence. We review the trial court's entry of summary judgment in favor of Worldwide de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla. 2000).

II. Negligence
Vermeulen alleges that Worldwide is directly or vicariously liable for the negligent operation of the van. The mere happening of an accident does not give rise to an inference of negligence. Conn v. Seawind Enters., Inc., 406 So.2d 104 (Fla. 3d DCA 1981). Here, Vermeulen must show that the van was operated negligently. Id. He must produce some evidence showing that Worldwide or its agent's negligence was the proximate cause of the accident. See Robinson v. Allstate Ins. Co., 367 So.2d 708, 711 (Fla. 3d DCA 1979). Mere speculation or inference of negligence is insufficient to defeat summary judgment. Id. If Vermeulen cannot produce evidence showing that the van was operated negligently, then summary judgment is proper here. Conn, 406 So.2d at 104.
The record before us is insufficient to show that the van was operated negligently. There is no evidence regarding how the accident occurred, the vehicle involved, what the road conditions were like on the date of the accident, or what local rules *274 and regulations were in place at the time of the accident. Furthermore, we know nothing about the speed limit, how the driver was operating the vehicle, or any information regarding the other car involved in the accident. Vermeulen presented no affidavit or testimony in opposition to the summary judgment motion. Without this kind of evidence, Worldwide cannot be held liable, and summary judgment was proper. Conn, 406 So.2d at 104.
Vermeulen contends that summary judgment was improper because the van driver was speeding, the van did not have seat belts, and the driver was operating the van in a dangerous manner. However, he testified that he did not know how fast the van was going or what the speed limit was. Vermeulen speculates that the accident may have been caused by the driver falling asleep at the wheel, however he testified that he did not observe the driver asleep at the wheel. He testified that the van did not have seat belts, however he has not produced any evidence that shows that seat belts were required in the van or that it was negligent to transport Vermeulen without them. Again, mere speculation is insufficient to hold Worldwide liable. Robinson, 367 So.2d at 711.
Vermeulen also alleges that Worldwide is directly or vicariously liable for the negligent hiring, training or retention of the van driver. Again, the record is void of any evidence to support this allegation. He further argues that Worldwide should be held vicariously liable for the acts of its agent, Chasquitur. There is no evidence in the record that Chasquitur was negligent. Because a principal may not be held liable where the agent is not negligent, Worldwide cannot be held vicariously liable. Williams v. Hines, 80 Fla. 690, 86 So. 695 (1920).

III. Agency
Vermeulen's next theory of liability is that Chasquitur is Worlwide's agent. The record reflects that Worldwide and Chasquitur were operating independent of each other. "The standard for determining whether an [alleged] agent is an independent contractor is the degree of control exercised by the employer or owner over the [alleged] agent." Villazon v. Prudential Health Care Plan, Inc., 843 So.2d 842, 853 (Fla.2003), quoting Nazworth v. Swire Fla., Inc., 486 So.2d 637, 638 (Fla. 1st DCA 1986). There is no evidence on this record that Worldwide had the right to control Chasquitur in any way. On the contrary, the record reflects that Worldwide did not intend for Chasquitur to be its agent. Worldwide and Chasquitur are in different businesses; Worldwide sells cruises and tours operated by others, and Chasquitur operates in-country tour services. The pricing for Chasquitur's tours was established by Chasquitur, not Worldwide. Furthermore, Worldwide did not pay Chasquitur a wage or split profits with Chasquitur. Chasquitur charged Worldwide's customers a fixed amount for each tour. Worlwide and Chasquitur maintained completely separate offices, employees and equipment. In sum, the evidence indicates that Chasquitur was not acting as Worldwide's agent.
For the agency relationship to exist, there must be some affirmative evidence of ownership, operation or control. Mere allegations of agency are not enough to create a principal/agent relationship between a travel agent and a tour operator. For example, in McElheny v. Trans Nat'l Travel, 165 F.Supp.2d 190 (D.R.I.2001), the plaintiff was injured while staying at Club Fortuna in the Bahamas. The plaintiff sued Trans National Travel alleging that Club Fortuna was TNT's agent. TNT moved for summary judgment, contending *275 the plaintiff had no evidence showing that TNT had any ownership or control over Club Fortuna. In opposition to the summary judgment, the plaintiff filed an affidavit stating that in her opinion, "TNT co-operated in the control, management and supervision of Club Fortuna. . ." Id. at 199. The court found that summary judgment was proper because the plaintiff had failed to produce any evidence supporting her allegations that TNT had ownership and control over Club Fortuna. Id. See also Lavine v. General Mills, Inc., 519 F.Supp. 332 (D.C.Ga.1981) (court found that summary judgment was proper in favor of tour package seller because the cruise operator was not the tour package seller's agent and "plaintiff's dubious assertions, without more, are insufficient to create any factual issue on that point.").
Similarly, here, Vermeulen has presented no evidence indicating that Worldwide owns, operates or controls Chasquitur. As such, Vermeulen's speculations are insufficient to create an issue of fact with regard to the agency issue.

IV. Apparent Agency
Vermeulen further contends that Worldwide was holding Chasquitur out as its agent and that Worldwide should be held vicariously liable for Chasquitur's acts under an apparent agency theory. No apparent agency exists here.
An apparent agency exists only if each of three elements are present: (a) a representation by the purported principal; (b) a reliance on that representation by a third party; and (c) a change in position by the third party in reliance on the representation. Mobil Oil Corp. v. Bransford, 648 So.2d 119, 121 (Fla.1995). Vermeulen must show that Worldwide represented to him or acted in such a way as to lead him to believe that Chasquitur was its agent. Owen Indus. v. Taylor, 354 So.2d 1259, 1261-62 (Fla. 2d DCA 1978). Vermeulen must show that he relied on that representation and that he changed his position based on that representation and that he was harmed. Id.
Here, Worldwide did nothing which would lead a reasonable person to believe that Chasquitur was Worldwide's agent. There is no evidence indicating that Worldwide represented to the public that it exercised control over the operation of Chasquitur's business. Vermeulen testified that Worldwide did not use the word "agent" and did not tell him that Chasquitur was its agent. The record is void of any evidence indicating that Worldwide allowed Chasquitur to hold itself out as Worldwide's agent. Thus, summary judgment was proper.

V. Undisclosed Principal
Finally, Vermeulen contends that Chasquitur was Worldwide's undisclosed principal. He argues that because Worldwide was working for an undisclosed principal, it can be held vicariously liable for the negligence of that principal. However, in his last Amended Complaint, Vermeulen did not allege that Chasquitur was Worldwide's undisclosed principal. As such, because this cause of action was not pled, it cannot be considered on appeal. Dade Cty. Sch. Bd. v. WQBA, 731 So.2d 638 (Fla.1999).

VI. Conclusion
The trial court was correct in granting summary judgment in Worlwide's favor. We thus affirm the summary judgment and all other remaining points raised on appeal.
Affirmed.